## Chicago & E. I. R. R. Co. v. James Kirby, Jr.

1. EVIDENCE—*Uncontradicted Testimony to What is Physically Impossible Must Be Rejected.*—The testimony of a witness to that which is physically impossible must be rejected as not in accordance with the truth of the matter, even though uncontradicted by the direct testimony of any other witness.

2. SAME—*Testimony of Interested Witness to Facts Inherently Improbable.*—The testimony of an interested witness to facts inherently improbable need not be accepted by court or jury, although such testimony is not contradicted by any other direct testimony in the case, and although the witness was not otherwise impeached.

Action in Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the March term, 1899. Reversed and remanded. Opinion filed December 14, 1899.

W. H. LYFORD and S. A. LYNDE, attorneys for appellant.

JOHN R. PHILP and W. S. JOHNSON, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment for $6,000, rendered in an action on the case for negligence, in favor of appellee, and against appellant. Appellee claims to have been struck and injured by an engine of appellant drawing a freight train southwardly across Twenty-ninth street in the city of Chicago, between six and seven o'clock P. M., July 11, 1896. Twenty-ninth street is an east and west street. There are five tracks running north and south across Twenty-ninth street, which are operated by appellant. The most westerly of these tracks is a switch track which runs into a coal yard a short distance north of Twenty-ninth street. The track next east of the switch track is a freight track, and appellee was injured on the freight track by a train moving south. He claims that the engine of the freight train struck him, although there is a conflict in the evidence on that question. The injury was to his right arm, which, on account of the injury, had to be amputated just above the elbow. There was a fence about seven feet high on the north side of Twenty-ninth street, which ran across the switch track, and came to within a few feet of the freight track. There was a gate in the fence where it crossed the switch track, which one of the witnesses testified was open. The freight track is straight from Twenty-second street to Twenty-ninth street, a distance of seven blocks. It was clear daylight at the time of the alleged injury. Appellee was familiar with the crossing, as he lived only a short distance from it. He testified that he crossed the tracks about every day.

It is averred in the declaration that, at the time of the injury, appellee was exercising all due care and diligence for his safety. Appellee testified that he was on the north side of Twenty-ninth street, when he started across the tracks; that he walked along and kept walking; that when he got between the switch track and the freight track he looked north; that there was lots of smoke on the track from other engines passing, but there was nothing else to obstruct his view; that his eyesight was good and he could

see about a block north, up the track, but did not see any train; that he then immediately stepped on the freight track and was struck. It does not appear from his evidence that he stopped walking at all from the time he started to walk across the track until the accident occurred. William Penrold, witness for appellee, testified that he was about one hundred feet behind appellee when the latter was struck; that before he was struck he stopped about a second and looked north and south. Appellee testified in his direct examination that he was about three feet from the track when he looked north and south. Now, if he stepped on the freight track and was instantly struck by the train, as he says, after immediately looking north for a second, the train must have been so close to him at the time he says he looked north, that, his eyesight being good, as he says, he must have seen it.

One witness for appellee testified that the train was running from fourteen to eighteen miles per hour, but the great preponderance of the evidence is, that its speed did not exceed six miles per hour. But even if it were running at the rate of eighteen miles per hour, it would only run about twenty-six and two-fifths feet in a second, and the evidence is that it is 266 feet from Twenty-eighth street to Twenty-ninth street, one block, the distance which appellee says he could see. Assuming, therefore, his testimony to be true, that he looked north just before stepping on the freight track, that the evening was clear and bright, which fully appears from the evidence, and that appellee's eyesight was good, as he says it was, it is a physical impossibility that he did not see the train. The only alternative to this is, that his testimony is untrue; that he did not look. The testimony of the witness to that which is physically inpossible, must be rejected as not in accordance with the truth of the matter, even though uncontradicted by the direct testimony of any other witness. C., R. I. & Pac. Ry. Co. v. Pounds, 82 Fed. R. 217, 219; Southern Ry. Co. v. Smith, 86 Id. 292; Artz v. C., R. I. & P. R. Co., 34 Ia. 153, 159; Penn. R. Co. v. Bell, 122 Penn. St. 56.

In the recent case of Highley v. Am. Ex. Nat. Bank, in this court, No. 8386, unreported, it is said, "The testimony of an interested .witness to facts inherently improbable need not be accepted by court or jury, although such testimony is not contradicted by any other direct testimony in the case, and although the witness was not otherwise impeached," citing authorities. We are of opinion that the evidence is insufficient to warrant a finding that appellee, at the time of the alleged injury, was exercising ordinary care.

This view renders unnecessary any discussion of the evidence bearing on the question of the alleged negligence of appellant.

There are other circumstances in evidence of such character that we think justice will be subserved by the submission of the case to another jury. The judgment will be reversed and the cause remanded.