WILLIAM F. FISCHER *v.* EDGAR CLARK, JR., *et als.*

(No. 6891)

Submitted April 21, 1931. Decided April 28, 1931.

*Tom B. Foulk,* for plaintiff in error.
*David A. McKee,* for defendant in error.

LIVELY, JUDGE:

From a judgment rendered on a verdict for $750.00 defendant, Hallett & Co., prosecutes error. Judgment was entered July 12, 1930.

The litigation arises out of an automobile accident on National Road, January 22, 1927.

Fischer, plaintiff, was sitting in his car parked on the right-

hand side of National Road looking east about five o'clock, P. M., and was talking to Harry McCormick, who was standing on the sidewalk near him. Defendant, Edgar Clark, with his wife and son ( nine years old) was in his Chevrolet car, parked just behind him; defendant, Hallett & Company's Ford truck was proceeding eastward on the road at a speed of from 20 to 25 miles per hour; Clark had backed his Chevrolet with the intention of moving out into the road to the left of Fischer's car when some part of Hallett's truck struck his left front hub cap projecting the Clark car against the Fischer car with sufficient force to drive its front wheel onto the sidewalk, causing damage to the Fischer car and personal injuries to Fischer. The jury found for plaintiff against Hallett & Co., and exonerated Clark from negligence charged against each of them. Hallett & Co. says it was not negligent, and the jury could not properly so find; that Clark's negligence was the proximate cause of the accident; and that the trial court committed error in not instructing a verdict in Hallett's favor; and that the evidence not being sufficient to convict it of blame, the court erred in not sustaining its motion to set aside the verdict and award a new trial. This assignment of error calls for a careful inspection of the evidence. The case was submitted for decision in this Court without appearance for Fischer.

Was Clark's negligence, if any, the proximate cause? Was Hallett's negligence the proximate cause? These were the controlling questions. The jury has said that Hallett was negligent, and exonerated Clark. Does the evidence warrant such finding? Clark says he had been to a store on the opposite side of the road, and returned to his parked Chevrolet immediately back of Fischer's car; that his wife and nine-year old son were in the car, and his wife was talking to Clelland and his wife, standing nearby on the sidewalk; that he got into his car and started the engine about the time Clelland and wife walked away, then looked back to see "if anybody come"; that he saw the truck coming at about 126 feet away (back of the crossing below McCausland's store and Stone Church) ; that he then backed his car three or four

feet against the curb, and, as he backed, twisted his front wheels sharply to the left, throwing his right front wheel about eighteen inches from the curb, stopped and again looked back and saw the truck two or three car lengths to his rear; that he then remained stationary in that position, with the car out of gear and with one foot on the clutch pedal, and the other foot on the brake pedal; that the truck came on and hit his left front wheel hub cap, projecting his car against the Fischer car in front, knocking the front wheel of the latter upon the sidewalk. He is corroborated by Harry Mc-Cormack, who was standing on the sidewalk near the Fischer car, and who says Clark backed away from the Fischer car and turned his wheels, but could not say that he pulled away from the curb. He says that Clark turned his wheels by the steering gear and not by moving the car forward. Mrs. Clark gives the same evidence. The contention of Hallett is that Clark was pulling out from the curb into the traffic when he was struck by the oncoming truck; that he gave no warning that he was so doing; that he drove his car into the truck as it passed, and that the rear part of the truck struck the wheel cap; in short, that his statement of his actions and that of his corroborating witnesses could not be true, because the truck was proceeding in a straight line, and that the right rear wheel of the truck came in contact with the wheel cap of the Clark car. That the left front wheel cap of the Clark car was struck by the right rear wheel of the truck is assumed as true, because Fischer's declaration so charged, and in a written statement made by Clark to Hallett's attorney a short time after the collision he (Clark) said the impact was in that manner. Clark admitted signing that statement, but says he never read it. That statement was put in evidence to contradict Clark, and presented a question for jury decision.

Witness Elliott, the driver of Hallett's truck, says he felt a slight jar in the truck as he passed the parked cars, and he judged the jar came from the rear of his truck, but did not know what had happened or which of the parked cars had caused the jar. He examined his truck and found no mark thereon of impact. He, and no other witness, could say

what part of the truck struck the wheel cap of Clark's car. The "physical fact," relied upon with much confidence to overcome, beyond peradventure, Clark's testimony of the accident and how caused, and that of his coordinating witnesses, is not clearly established. That contention was made before the trial judge on the motion to set aside the verdict, and in his written opinion he said it was a good point to make in argument to the jury, but "it is of no value at 'this time (motion to set aside), because the point of contact of the two vehicles is not a settled matter." It is quite generally held that where oral evidence is flatly contradicted by undisputed physical facts, the oral evidence must give way. The undisputed physical facts (govern. "Testimony in conflict with *conceded* or *undisputed* facts cannot, in the nature of things, be true, and hence cannot form any basis for a conflict upon which to rest a verdict." *N. & W. Ry. Co.* v. *Crowe*, 110 Va. 798. See *Owen* v. *Power Co.*, 78 W. Va. 596, and *State* v. *Price*, 94 W. Va. 644. But where the alleged physical facts are disputed, and the evidence does not clearly establish them, then the existence of the alleged physical facts becomes a jury question. We agree with the trial court, that the alleged physical fact of the manner of impact of the two cars is not established clearly and conclusively, and therefore the rule above stated is not applicable in this case. The verdict cannot be disturbed on that ground—the main ground of this writ of error.

Elliott, the driver of Hallett's truck, said he was driving at about 20 miles per hour (on a former trial he had fixed the rate of speed at 25 miles per hour); that his curtains were up; that he saw the parked cars, was given no warning of the movement of Clark's car, and perceived none; that he did not see anyone on the sidewalk at the parked cars and as he passed one of the cars he felt a slight jar, went about 205 feet, stopped, drove back and was told by Clark that he (Clark) had requested his nine-year old boy to look back to see if a car was coming before he, Clark, moved his parked car; that he gave about two feet clearing space when he passed the parked cars (he had, on the former trial said he gave 12 inches clearance); and that he was keeping proper lookout.

His reason for running so close to the parked cars was that there was another car coming a short distance ahead of him in the opposite direction. The paved width of the street at the place of 'accident was about 26½ feet. Five witnesses, including Clark and his wife, say that no car was coming in an opposite direction. In considering a motion to set aside a verdict as contrary to the law and evidence, all of the oral evidence in favor of the movant which is in conflict with that of the successful party must be discarded, and then if such evidence remaining, together with all the justifiable inferences which the jury could reasonably draw therefrom, is sufficient to sustain the verdict, the motion should be refused. *Estep* v. *Price*, 93 W. Va. 81. In viewing this assignment of error; namely, that the verdict is not warranted by the evidence, we must discard Elliott's evidence that a car was coming in the opposite direction at the time of the accident and for that reason it was unsafe for him to give the parked cars a wider clearance. It was nearly night on a day in January, rain had been or was falling, the road was wet, and the visibility bad. Whether the rate of speed so close to the parked cars under all the circumstances, or whether Elliott kept a proper lookout to avoid hitting Clark's car constituted negligence proximate to the injury, were matters clearly within the province of the jury to determine. It is elementary that the weight of evidence and the credibility of witnesses are exclusively for the jury.

Here is a plain conflict of evidence; Clark and his corroborating witnesses affirm that he did not move his car out from the curb more than eighteen inches, while Hallett's witness says he did not see Clark's car move, and gave it a clearance of two feet, and it is argued that the impact was caused by a forward movement of Clark's car—that it would not have occurred unless the car had been moved out into the line of traffic, after the front part of the truck had passed it. That conflict has been determined by the jury. The only way we could disturb that finding is to say that Elliott's evidence should receive full credence, and that Clark and his witnesses should not. We cannot invade the jury's exclusive province to determine credibility of witnesses, and the weight to be

given their testimony. It was not error to refuse to direct a verdict in favor of Hallett, and we perceive no error in refusing to set aside the verdict on the errors assigned.

The trial court, in an exceptionally clear, written charge, instructed the jury upon every phase of the evidence with respect to the negligence, if any, of either or both of defendants and the law applicable to the findings of fact at which they might arrive. On the whole, the question of whose negligence proximately caused the injury was fairly submitted to the jury under proper instruction, and we affirm the trial court in not disturbing the verdict on the grounds assigned.

*Affirmed.*