ROBERT SCALES *v.* MAJESTIC STEAM LAUNDRY

(No. 7538)

Submitted October 31, 1933.   Decided November 21, 1933.
(Rehearing denied December 29, 1933)

356

*File, Goldsmith & Scherer,* for plaintiff in error.

*Wm. M. Holroyd* and *Bailey & Shannon,* for defendant in error.

KENNA, JUDGE:

On May 10, 1932, the plaintiff was riding in a Chevrolet sedan being driven by Lawrence Johnson on state route No. 12 in Wyoming County from Devil's Fork to Wyco. Seated beside the driver was Charley Morgan and plaintiff sat on the left of the rear seat. Next to plaintiff was his wife, and James Arnold was on the right side of the rear seat. In rounding what is known as the Iroquois curve, the Chevrolet and the truck of the defendant, which was rounding the curve in the opposite direction, collided, and plaintiff was injured. This action in the circuit court of Wyoming County followed, resulting in a verdict for the plaintiff, and defendant prosecutes this writ of error.

In the curve where the accident occurred, the paving is eighteen feet wide with the usual white line marking the middle, and the shoulders, flush with the paving, are from two to three feet wide on each side of the paving. The testimony is that at the time of the accident it either was, or shortly before had been, drizzling rain. The Chevrolet was traveling on the inside of the curve and going up grade. The truck was on the outside. The accident seems to have occurred about half way around the curve. The testimony is that the line of vision around the curve was from ten to fifty feet, varying according to the witness. The Chevrolet was going from twenty to twenty-five miles an hour. The truck entered the curve at about twenty-five miles an hour, but slowed down, according to the testimony of the driver. The testimony of the defendant tends to show that the truck was over as far as practicable on the right side of the road at the time of the collision. The testimony of the plaintiff's witnesses is to the effect that it was straddling the white line. As a whole, the testimony is in irreconcilable conflict, and except to the extent necessary to deal with the assignments of error, no useful purpose would be served by recounting it in detail.

The first assignment covers the defendant's objections to the testimony of plaintiff's witness, Arthur Phillips. Phillips

testified that he was riding with Alex Trotsky in a Ford coupe from Wyco and was going in the same direction as the truck, and while he and Trotsky were approaching the hard road from a side road, they saw the truck pass on the main highway; that they came to the highway and at the suggestion of Trotsky started out to try to catch the truck; that in doing so they were making from 30 to 35 miles an hour, sometimes as high as 45, and did not overtake the truck until after the accident; that the point on the hard road where they joined the truck was about a mile and a half from the point of accident; that he did not see the wreck when they whipped around the curve where it occurred because the Ford was going too fast; that the Ford stopped next to the laundry truck and that neither he nor Trotsky could have seen the accident; that they were some 200 to 300 feet off the hard road when they saw the truck pass. This testimony is objected to under the familiar rule laid down in *Mercer Funeral Home* v. *Addison Brothers & Smith,* 111 W. Va. 616, 163 S. E. 439. In that case, testimony of speed 500 yards from the place of the accident was excluded, this court stating that the speed of the automobile at another place under different circumstances was immaterial. Here the circumstances are decidedly different, because here we have a following automobile. For this reason, the testimony of Phillips to the effect that they did not succeed in catching the truck within a mile and a half, although they traveled from 30 to 45 miles an hour, beginning not more than a few hundred feet behind it, is calculated to throw some light upon the truck driver's methods and speed in approaching the curve where the accident occurred. However, we do not believe that it is necessary to decide that this testimony is relevant. There was virtually no controversy about the truck's speed in approaching this curve. The driver himself testifies that he was making 30 miles per hour when he approached the curve. No one contradicts him. The testimony of Phillips does not attempt to fix the speed of the truck at the time it went around the curve or entered the curve. There is nothing in it inconsistent with the truck driver's statement that he entered the curve going 25 miles an hour. Therefore, we do not believe that it could possibly have been prejudicial to the defendant.

Assignment of error No. 2 relies upon the giving of plaintiff's instruction No. 1, as constituting reversible error. It is as follows:

"The court instructs the jury that if they find the defendant, Majestic Steam Laundry, guilty by a preponderance of the evidence, they are, in estimating the damage, at liberty to consider the health and condition of the plaintiff before the injury complained of, as compared with his present condition, in consequence of such injury, and whether or not said injury is in its nature permanent and how far said injury is calculated to disable the plaintiff from engaging in those pursuits and employments for which, in the absence of said injury, he would have been qualified, and also the physical and mental suffering to which he was subjected, or may be subjected, by reason of such injury, and allow such damage as in the opinion of the jury from the evidence will be a fair and just compensation for the injury which the plaintiff has sustained."

This instruction states the measure of damages in the event the jury finds for the plaintiff. It relies upon the case of *Riley* v. *Railroad Company*, 27 W. Va. 145, 161. An instruction given for the plaintiff in that case and found at page 151 is almost identical with the instruction here complained of. Judge Snyder, speaking for the court at page 161 of the reported case, approves this instruction, giving authority therefor. Plaintiff in error, however, does not complain of the instruction upon the ground that it incorrectly states the measure of damages. The complaint is that it does not state the elements of recovery, and that therefore it leaves the jury, as to those elements, the judges of both fact and law. We do not understand that it is the duty of the plaintiff to instruct upon any particular element of the case. It is his right to submit his case without any instructions if he wishes. The defendant's corresponding right is to have the jury properly instructed upon any element of the case he may desire. Thus, as a usual thing, neither party is in position to complain of prejudicial error by reason of the fact that his opponent has failed to tender instructions upon an element of the case desired by him to be presented to the jury. If his

opponent does not cover the desired point, then he may cover it himself. Of course, it is different where the court undertakes to instruct upon a certain element of the case and leaves out material factors which go to make up the proper subject matter of the instructions. This is not the case with this instruction. It is an instruction on the elements entering into the plaintiff's damage. It does not undertake to state the elements of recovery. It was the defendant's right to do this, stating those elements in the manner best calculated to serve his defense. This, he has done. In the light of the fact that the elements of recovery have been stated in instructions drawn from the viewpoint of the defendant, we can perceive no prejudicial error to the defendant because the plaintiff did not see fit to state the elements of recovery in the mode best calculated to serve the defendant. The elements of recovery went before the jury, stated in the manner that the defendant wished them stated in. They did not go before the jury stated from plaintiff's viewpoint. We cannot see that the defendant has been injured.

The third assignment of error relies upon improper remarks of counsel to the jury for reversal. One of counsel for plaintiff stated in argument: "I would not lose an eye for ten thousand dollars and I know that neither of you jurors would lose an eye for ten thousand dollars or more." Upon objection, counsel was properly admonished and the jury instructed to disregard the comment. In view of the court's action, we cannot say that the remark of counsel resulted in prejudice to the plaintiff in error. *Black, Admr.* v. *Peerless Elite Laundry Co.* (W. Va.), 169 S. E. 447; *Moorefield* v. *Lewis*, 96 W. Va. 112, 123 S. E. 564; *Roberts* v. *United Fuel Gas Co.*, 84 W. Va. 368, 99 S. E. 549. Another remark made by counsel for plaintiff below was: "The evidence in this case shows that this man has applied for jobs and has been turned down." The same course was followed as to this comment of counsel for plaintiff, and, for the same reason, we cannot say that it was prejudicial.

The fourth and fifth assignments of error amount to practically the same thing; the fourth being a peremptory instruction on behalf of the defendant below which was refused; and the fifth being the refusal of the court to set aside the

verdict as contrary to the law and the evidence. To sustain his position, upon these two assignments of error, defendant below, from a mass of conflicting testimony, singles out two things that he relies upon as "physical facts". He says that these physical facts are controlling of the issue tried before the jury, and render the conduct of the parties demonstrable to a degree that overrides all oral testimony to the contrary. One of these alleged facts is that glass from the Chevrolet sedan was found to the left of the white line facing in the direction that the Chevrolet was traveling, thus establishing the fact, according to plaintiff in error, that the Chevrolet necessarily was on the left side of the white line at the moment of impact. The other testimony relied upon as establishing a "physical fact" is to the effect that the marks of the wheels of the truck show it to have been on its own right side of the road in rounding the curve, and, hence, on that side at the moment of impact.

On the question of the glass, Charley Morgan for the plaintiff stated that glass was strewn behind the Chevrolet about fifteen feet after the accident. James Arnold, a passenger in the Chevrolet stated that he was hit by flying glass. Tom Dodd stated that broken glass was ten or fifteen feet behind the truck; that the Chevrolet was torn up and glass scattered "back there", and that there was glass ten or fifteen feet behind the Chevrolet. John Lash stated that glass was strewn in the middle of the road ten or fifteen feet down from the truck. Arthur Phillips stated that the glass was practically all over the road. For the defendant, Richard Walthall, the truck driver, made no statement concerning the presence of glass on the road. Alex Trotsky stated that he saw glass on the road from where the accident occurred to where the Chevrolet was stopped after the accident. M. L. Sidebottom stated that the first glass was in the road directly opposite the truck's track on the shoulder. K. C. Peterfish stated there was glass all over the road; that it was 45 or 47 steps from where glass first appeared to where the Chevrolet was stopped; that glass was scattered all along up to that point and that most of the glass was right across from the first truck track on the shoulder; that glass was scattered all around, and that it first appeared ten or twelve feet behind where the truck

was standing. Mrs. Charlie Walker stated there was broken glass practically all over the road. Troy Stone stated there was glass scattered all over the road near the center of the curve and that the "biggest part" of it was on the side going toward Devil's Fork, or the truck's right side; that most of the glass was where the truck was standing when he got there.

The rule invoked by plaintiff in error finds its first explicit recognition in this state in the case of *Owen* v. *Appalachian Power Co.*, 78 W. Va. 596, 89 S. E. 262, 263, point 5, Syllabus, where it is thus stated: "A verdict, supported by oral testimony which is wholly inconsistent with natural laws and physical facts, admitted to be true or established by uncontroverted evidence, showing such testimony to be false, should be set aside as being contrary to the weight of the evidence." The rule was again explicitly stated by Judge Hatcher in *Keller* v. *Norfolk & Western Railway Co.*, 109 W. Va. 522, 525, 156 S. E. 50, as follows: "Verdicts based on oral evidence, controverted by established physical facts, as in these cases, cannot stand." The same rule is followed in Virginia as is indicated by the case of *Norfolk & Western Railway Company* v. *Crowe's Adm'x.*, 110 Va. 798, 67 S. E. 518. It found early recognition in the case of *Carroll* v. *Pennsylvania Railway Company* (Pa.), 12 W. N. C. 348, and *Artz* v. *Chicago R. I. & P. R. R. Co.*, 34 Iowa 153. The same rule finds varying statements in the cases of *Horen* v. *Davis,* 274 Pa. 244, 118 A. 22; *Lessig* v. *Reading, etc., Co.*, 270 Pa. 299, 113 A. 381; *Marland* v. *Pittsburgh, etc., Railroad Co.*, 123 Pa. 487, 16 A. 623; *Payne* v. *Chicago, etc., Railroad Company,* 136 Mo. 562, 38 S. W. 308, and cases there cited; *Chicago, etc., Railroad Co.* v. *Pounds,* 82 Fed. 217; *Wray* v. *Southwestern, etc., Co.*, 68 Mo. App. 380; *Chicago, etc., Railroad Co.* v. *Vremeister,* 112 Ill. App. 346; *Railway Co.* v. *De Freitas,* 109 Ill. App. 104; *Chicago, etc., Railway Co.* v. *Kirby,* 86 Ill. App. 57. An inspection of these and of other cases will disclose that the rule that conflicting oral testimony is to be disregarded as overcome can only be invoked when the oral testimony is in conflict with some plain law of nature, the result of a simple mathematical calculation, uncontroverted physical facts, etc. Where there is appreciable doubt or contradiction in the testimony relied upon to establish the very thing which in turn is relied upon as an incontrovertible physical fact, the rule has no place. In other

words, a thing that must depend upon conflicting oral testimony, or indefinite and doubtful oral testimony, for its establishment, furnishes no basis for overcoming other oral testimony. The testimony here is that there was glass all over the road. There is testimony showing that there was glass strewn behind the Chevrolet and glass strewn behind the truck. True, some witnesses place the "biggest part" of the glass on the truck's right side of the road. This fact, if admitted, would, within itself, and of necessity, not overcome the oral testimony of witnesses to the effect that at the time of the accident, the Chevrolet was on the right side of the road in the direction in which it was traveling.

The other circumstance relied upon as a physical fact which will overcome the oral testimony of plaintiff's witnesses is the wheel marks of the truck. The record on this subject is in very much the same condition as it is on the subject of the glass. It is not deemed necessary to repeat in detail the testimony of each of the witnesses who spoke regarding the wheel tracks of the truck. It is sufficient to say that there is conflict as to the distance that the truck ran after the accident happened. There is conflict as to the distance that it "dropped" down the road upon starting again after the accident. There is conflict as to how far the Chevrolet traveled after the accident to the point where it came to rest beside the bank, and where the witnesses all saw it. There is, therefore, great uncertainty as to exactly the point in the curve where the accident occurred, and the impact actually took place. In view of this uncertainty, the marks of the truck's wheels (and no one attempts to trace them all the way around the curve) cannot be said to be such an uncontroverted physical fact as will overcome oral testimony of the position of the truck at the time of impact. In addition, there is testimony tending to show that some of the tracks testified to may have been made by other vehicles or by another vehicle. We do not believe that the record shows such controlling physical facts as would warrant setting aside the verdict of the jury as being controlled thereby.

Finding in the record no error prejudicial to plaintiff in error, the judgment of the circuit court of Wyoming County is affirmed.

*Affirmed.*