STATE *ex rel.* LULA BELLE HARRAH

*v.*

EARL WILLIAM WALKER

(No. 10449)

Submitted January 20, 1953. Decided March 3, 1953.

*Howard W. Carson* and *H. E. Dillon,* for plaintiff in error.

*Mahan, White* and *Higgins,* for defendant in error.

BROWNING, JUDGE:

This is a bastardy proceeding wherein Earl William Walker was found, by a jury of the Circuit Court of Fayette County, to be the father of the illegitimate child of Lula Belle Harrah, hereinafter referred to as plaintiff. Upon receipt of the verdict by the court, counsel for defendant moved that the verdict be set aside and a new trial awarded, which motion was granted upon the ground that certain remarks of counsel for the plaintiff with reference to blood tests, made in his opening statement, were prejudicial and constituted error, and a final order was entered thereon.

This Court granted a writ of error and supersedeas to such order on November 26, 1951.

It appears from the record that when the case came on for trial, and after the jury had been empaneled and sworn, the court and counsel retired out of the presence of the jury, and counsel for the defendant informed the court that blood grouping tests had been made of plaintiff, child and defendant, which tests were inconclusive, and moved the court to exclude any evidence pertaining to these tests. The court thereupon stated that it would pass upon the question of the admissibility of such evidence if and when offered.

That portion of the opening statement assigned as error by the defendant, and upon which the lower court based its ruling setting aside the verdict and awarding a new trial, is as follows:

> "* * *
>
> "Now, after this proceeding was brought and not so very many weeks ago, the defendant by counsel called on Mr. Carson, who represents the State, and on me, who have been employed to represent this young lady by the parents, or rather her mother, to have her and her child to submit to a blood test at the Laird Memorial Hospital—* * *."

At this point, counsel for the defendant objected to the remarks of counsel for plaintiff and "moved to strike". The court overruled the objection, exception to the ruling was taken, and counsel for the plaintiff resumed his statement as follows:

"The defendant, of course, likewise agreed to submit to an examination. In other words, they take a sample of Lula Belle Harrah's blood, they take a sample of the blood of the baby, then they take a sample of the blood of the defendant, and they run tests on those bloods to determine what group they are in. The doctor will explain this in much more detail. Now, if they find his blood in a certain group and they find the mother's and the child's blood in the other groups, it can be determined definitely that his blood, according to medical science, is not the blood that could produce— in other words, he could not be the father. On the other hand, it could be a group that it would fall in that he could be the father. That would not necessarily prove that he was the father at all, but it would be such evidence as, I understand, you would be entitled to consider. You might take my blood and my blood might be in that group, or your blood might be in that group. That wouldn't necessarily determine it one way or the other, but it was determined by this test that his blood was in that group where he could have been the father of this child."

The defendant's counsel again stated "Your honor we object again, and move to strike." This objection was likewise overruled, and exception thereto was taken.

The testimony of the physician who had made the tests was taken out of the presence of the jury, and a motion by defendant to exclude such testimony was sustained by the court.

At the conclusion of all the evidence in the case, counsel for defendant, again out of the presence of the jury, moved the court to declare a mistrial, on the ground of counsel for plaintiff's remarks in his opening statement, which motion was overruled. Counsel for plaintiff then

indicated his willingness to have the jury instructed to disregard those remarks, to which counsel for defendant replied:

> "Your Honor, I believe maybe it would be better not to mention it at all. Maybe the damage has simmered down now. I don't know whether they are still looking for that evidence or not."

It is necessary for us to determine, upon the issue presented by this writ of error: First, whether such remarks by counsel for plaintiff, in his opening statement to the jury, constituted error; Second, whether the remarks, if error, could be waived; and, Third, whether, if improper and subject to waiver, the defendant, did, in fact, waive such error.

This Court is reluctant to reverse the judgment of a trial court when the effect of that judgment is to set aside the verdict of the jury. *McClaugherty* v. *Traction Co.*, 123 W. Va. 112, 14 S. E. 2d. 432. The law in this jurisdiction, likewise, is just as well established that the verdict of the jury ought not to be interfered with unless it appears that the rights of the complaining party have been prejudiced, or manifest injustice has been shown from an improper opening statement of counsel. *Scales v. Majestic Steam Laundry*, 114 W. Va. 355, 171 S. E. 899.

The Virginia court, in *Baker Matthews Lumber Co. v. Lincoln Furniture Mfg. Co.*, 148 Va. 413, 139 S. E. 254, held that statements made by counsel upon matters not admissible in evidence in an opening statement constitute reversible error, and where it appears that prejudice has resulted a new trial will be awarded. Neither a decision of this court, nor others, can ever be more than a guide in any particular case, because the type of case in which the remarks were made, the circumstances under which they were uttered, the action thereafter by counsel, as well as by the trial court, are determinative of whether prejudicial error resulted.

Counsel for both the plaintiff and defendant had in their possession, prior to the trial, a report of the medical

witness who had made the disputed blood tests, and were aware of his conclusions. The trial court, however, prior to the beginning of the trial, refused to prohibit counsel from discussing the matter in their opening statements. This Court has not ruled upon the admissibility of such evidence, either to show paternity or nonpaternity, in this or any other type of proceeding. 20 Am. Jur., Evidence, § 352, upon the question of blood grouping tests, says: "* * * The value of such a test and its reliability have been recognized by the courts, which hold that the result of such a test, where made by a competent person, is admissible upon an issue of paternity. * * * Blood grouping tests are commonly accepted as admissible evidence on questions of paternity in many European countries."

It may well be said that counsel for plaintiff, if he expected to offer the testimony of the medical witness on the subject, would be presumed to be acting in good faith in relating that fact to the jury until there was a ruling by the trial court prohibiting such remarks. Counsel for the defendant interrupted counsel for plaintiff in his opening statement on two occasions by objection, and motions to strike. There was no motion for a mistrial on either occasion, nor was there a request that the court admonish the jury to disregard such remarks. However, near the end of the trial, the plaintiff offered the physician as a witness, and after the court had heard his testimony in chambers, and a ruling had been made that the evidence was inadmissible, counsel for the defendant moved for a mistrial, on the basis of the statements made relative to that testimony in the opening statement. The court denied this motion, whereupon counsel for plaintiff informed the court that he had no objection if counsel for defendant desired, and the court thought it proper, to instruct the jury that the blood tests being inconclusive and inadmissible that the jury should disregard counsel's remarks in his opening statement in regard to the blood tests. The court was agreeable to so instruct the jury, when counsel for defendant intervened and made the statement, here-

tofore quoted, to the effect that he believed "maybe it would be better not to mention it at all."

"A statement of counsel, which the court afterwards directs the jury to disregard, is not cause for reversal unless there is a manifest probability that the statement has been prejudicial to the adverse party.* * *" 2. M. J., Argument and Conduct of Counsel, § 19, and cases cited.

We do not believe that there is a manifest probability that the remarks made by counsel for plaintiff in his opening statement were prejudicial to this defendant. It is true that counsel for plaintiff had informed the jury that he would prove, by competent medical evidence, that this defendant was in a group of persons who, because of certain blood type findings, could be the father of the child, but he was careful also to state that the tests would not necessarily prove that being among that group of persons he was the father. While no one except the twelve persons who were there know what transpires in a jury room, it would appear, as a probability, that in the discussion which went on therein that the plaintiff may have suffered as a result of these remarks, inasmuch as counsel for plaintiff did not keep his promise that he would produce testimony showing the things which he related to the jury. However, we do not hold that the remarks he made were improper, and we do not pass upon the question of whether or not the testimony of the medical witness, which the trial court rejected, was admissible. The admissibility of that evidence is not before us in this case, and, inasmuch as this Court has never passed upon that particular matter, we do not propose to do so now when it comes to us upon an indirect issue. The only issue we believe it necessary to decide in this case, and the one upon which a decision is made, is whether the defendant waived any right to assign as error the remarks made by counsel for plaintiff in his opening statement, and for the purpose of this decision only, we shall assume that such remarks were improper.

"Remarks of counsel in an argument to the jury, regarded as improper and harmful to the opposite party,

should be at once objected to, and the trial court given an opportunity to rule on the objection, and if possible counteract the effect thereof upon the minds of the jury, else the error will be regarded as waived, if afterwards urged as ground for setting aside the verdict and for a new trial." *Given* v. *Diamond Shoe Co.*, 84 W. Va. 631, 634, 101 S. E. 153.

It is true that counsel for the defendant on two occasions during the opening statement of opposing counsel objected to his remarks and "moved to strike". At that time the trial court had not ruled upon the admissibility of the evidence of the physician by whom it was expected that the blood grouping evidence would be forthcoming. There came a time, however, when the defendant had an opportunity to have the jury instructed by the trial court to disregard all of the statements made by counsel for the plaintiff relative to the blood grouping testimony, both counsel for plaintiff and the trial court being agreeable to such procedure. However, counsel for defendant at that time specifically refused the suggestion offered, and we believe that if the trial court had so admonished the jury at that time the error, if any, would have been cured. The crux of the matter then being the refusal of the court to attempt to counteract any adverse effect by proper admonition of the jury, the defendant's action in refusing to permit the court to so admonish the jury constitutes a waiver of his objections to the allegedly improper remarks.

The ruling of the Circuit Court of Fayette County, whereby the verdict of the jury was set aside, is reversed, and the case remanded to that court with directions that the verdict be reinstated and that a proper judgment be entered in favor of the plaintiff for the support and maintenance of her infant child.

*Reversed and remanded with directions.*