JOHN F. BRONSON, EXECUTOR OF THE
ESTATE OF ALONZO L. CLINE

*v.*

VIRGIL S. RIFFE, *et al.*

and

JOHN F. BRONSON, EXECUTOR OF THE

ESTATE OF IVA CLINE

*v.*

VIRGIL S. RIFFE, *et al.*

(No. 12252)

Submitted February 4, 1964.      Decided March 17, 1964.

*Paul A. Viers, Slaven & Staker, Zane Grey Staker, W. Graham Smith, Jr.,* for appellants.

*Wade H. Bronson, Jr., J. Brooks, Lawson, Jr.,* for appellee.

BERRY, JUDGE:

This appeal involves two wrongful death actions brought by the executor in each case which were consolidated and tried together in the Circuit Court of Wyoming County. The jury returned a verdict in favor of the defendants in both actions and in the combined case the plaintiffs moved the court to set aside the verdict and grant a new trial. An order was entered by the trial court on February 18, 1963, setting aside the verdict and awarding a new trial to the plaintiffs and upon application to this Court an appeal and supersedeas was granted June 17, 1963 to said judgment. The plaintiff in each case being the same, he will be referred to in the singular.

These actions arose out of a collision between a 1958 Dodge sedan automobile driven by the plaintiff's decedent Alonzo L. Cline in which plaintiff's decedent Iva Cline was riding, and a 1955 GMC truck, owned by the de-

fendant Virgil S. Riffe and being operated by Paul Albert Deskins, the other defendant, on November 3, 1960 at approximately 10 o'clock a.m. For the sake of brevity, the plaintiff's decedents will hereinafter be referred to as the "Clines". The accident occurred on U. S. Highway No. 52 at what is known as Ike's Fork and the foot of Muzzle Mountain, Wyoming County, West Virginia.

The only question involved in the trial of these actions was whether the accident occurred on the Clines' or the defendant Riffe's side of the highway. The evidence was conflicting as to where the accident occurred with respect to the center of the highway. However, as a result of this collision a hole which was located between ten to eighteen inches from the center line on the Clines' side of the highway was "gouged out" of the road. The trial court gave as its reason for setting aside the verdict of the jury in favor of the defendants that the evidence greatly preponderated to the conclusion that such hole was caused by the truck at approximately the point of the impact and that the oral evidence to the effect that the point of impact was on the defendants' side of the highway was clearly inconsistent with the physical facts, contrary to all reason, and incredible. The defendant Riffe's truck was being driven in an approximately northwesterly direction, proceeding from Iaeger in McDowell County to Hanover in Wyoming County, while Clines' automobile was being operated in the opposite direction, proceeding from Wyoming County toward Iaeger and Welch in McDowell County. The accident occurred on a slight curve and the left front of the automobile hit the left rear of the truck behind the cab. Alonzo L. Cline was killed instantly and Iva Cline, his wife, the passenger in the car, died a few hours later following the accident. The top of the automobile was sheared off when it ran under the truck, causing considerable damage to the rear dual wheels, spring and drive-shaft of the truck. After the collision the front end of the automobile came to rest over the center line on the defendants' side of the highway, and the truck came to rest diagonally across the road with its front end on the Clines' side of the highway at

a distance of from about 25 to 65 feet from the rear of the car, the evidence being conflicting as to this distance.

The only eye witnesses to the accident were the defendant Paul Albert Deskins who was driving the truck and Harvey Goins who was driving a Buick automobile immediately behind the defendant Riffe's truck at the time of the accident. Both of these witnesses testified that the truck was being driven on its side of the highway at a speed of around 40 miles per hour and the Clines' vehicle came around the bend in the road at a high rate of speed and over into the truck's lane and struck it. The driver of the automobile following the truck, Harvey Goins, testified that he had been following the truck on the highway for several miles and it was driven in a proper manner at a reasonable speed. An attempt was made to discredit this witness because he stated that plaintiff's decedent Iva Cline was still in the car after the accident, whereas, other witnesses testified that she was lying on the road or berm after the accident occurred. There was evidence by defendants' witnesses that not only was the truck on its side of the road but that the right dual wheel was off the hard surfaced portion of the road on the defendants' side just before the accident occurred, as indicated by the tire marks.

The plaintiff's witnesses who testified during the trial all arrived at the scene of the accident after it occurred. A state policeman who was not on duty at the time, but who arrived at the scene after it occurred, testified that the truck driver admitted he was at fault, but the truck driver denied this statement on the witness stand. Another state policeman who did investigate the accident concluded that the truck driver was at fault, but a statement that he took from the defendant truck driver was to the effect that the Cline automobile ran over onto his side of the road and hit the truck. An investigation disclosed that there was a hole formed in an elongated gouge in the road near the wrecked vehicles, and witnesses testified that it was not there before the accident. Therefore, there is no dispute that the hole was in the road, that it was made at the time of the accident and

that it was some ten to eighteen inches on the Clines' side of the road. However, there is a conflict in the evidence as to which vehicle caused the hole in the road.

The plaintiff's witnesses testified that the hole was made when the spring hanger on the truck fell down at the time of the impact and gouged the hole, that the spring hanger had tar or asphalt on it and therefore, the accident was caused by the truck being on the wrong side of the road. The defendant owner of the truck, Virgil S. Riffe, also arrived at the scene following the accident and he stated that the left door of the Cline automobile, which was knocked downward as a result of the impact, caused the hole in the road and that he noticed asphalt or tar from the road on the bottom of the door. Witnesses for both the defendants and plaintiff testified that glass and debris from both the truck and the automobile which was knocked off the vehicles by the impact was scattered over the road, with most of it on the truck's side of the highway. The investigating officer charged the driver of the truck with negligent homicide, but the indictment as a result thereof was later dismissed; so we have no situation where a guilty plea might have been involved.

The law is well settled that a verdict based on oral testimony which is inconsistent with physical facts admitted to be true or established by uncontradicted evidence should be set aside as being contrary to the weight of evidence. *Owen* v. *Appalachian Power Company,* 78 W. Va. 596, 89 S. E. 262; *Keller* v. *Norfolk and Western Railway Co.,* 109 W. Va. 522, 156 S. E. 50; *Fischer* v. *Clark,* 110 W. Va. 420, 158 S. E. 504; *Marshall* v. *Conrad,* 118 W. Va. 321, 191 S. E. 553; *Reece* v. *Hall,* 142 W. Va. 365, 95 S. E. 2d 648. This rule of law is only applicable when the conflicting oral testimony is overcome by some plain law of nature, the result of a simple mathematical calculation or uncontroverted physical facts, and where there is contradiction in the testimony relied on to establish the physical fact or if the physical fact itself is not sufficient to clearly establish the exact location of a point such as is involved in the case at bar, the rule is not applicable. *Owen* v. *Appalachian Power Co., supra; Fischer* v. *Clark,*

*supra; Scales* v. *Majestic Steam Laundry,* 114 W. Va. 355, 361, 171 S. E. 899. In the case presented here, the evidence as to what caused the hole in the road is in conflict. The plaintiff's evidence indicates that it was caused by the truck, while the defendants' evidence indicates that it was caused by the Cline automobile. The evidence shows that the hole was made at approximately the point of impact, and if the truck moved forward for some distance after the collision, which is uncontradicted, and if it only moved to its left a few inches in so doing it could have been on its own side of the road at the time of the collision and still have caused the hole in the road. Therefore, the hole in the road fails in any event to establish clearly the exact position of the vehicles at the time they collided and the point of contact of the two vehicles even if only the plaintiff's evidence is considered in connection with this matter; and for this reason the rule is not applicable. *Fischer* v. *Clark, supra; Scales* v. *Majestic Steam Laundry, supra.*

The glass and debris which were knocked off the vehicles at the time of the impact are also physical facts when viewed on the highway, and yet the uncontradicted testimony of both the plaintiff's and defendants' witnesses is that most of the glass and debris was on the defendants' side of the highway. However, it has been held that this is not a physical fact which would outweigh oral testimony, and the hole in the road, under the facts and circumstances relative thereto in the instant case, is also a physical fact of like nature. *Scales* v. *Majestic Steam Laundry, supra.*

The plaintiff relies on one physical fact as being the determining factor in the disposition of this case. The trial court agreed with this contention and so indicated by his statement at the time the verdict of the jury in favor of the defendants was set aside and a new trial granted to the plaintiff. However, there is more than one physical fact present in the case presented here.

The position of the Cline automobile when it came to rest after the collision, with the front end over the

center line of the defendants' side of the highway, is a physical fact from which an inference may be drawn that the accident occurred on the defendants' side of the highway. The converse can be applied because of the position of the defendant Riffe's truck following the accident. *Marshall v. Conrad, supra.* The physical fact of a like nature is the glass and debris on the highway. *Scales v. Majestic Steam Laundry, supra.* However, these physical facts are not conclusive and only amount to circumstantial evidence from which inferences may be drawn. *Webb v. Harrison,* 127 W. Va. 124, 31 S. E. 2d 686; *Butler v. Smith's Transfer Corp.,* 147 W. Va. 402, 128 S. E. 2d 32. The hole in the road involved in this case is in the same category, because not only is the evidence in conflict as to what caused the hole at the time of the accident, but even if it is assumed that a part from the truck was responsible for this hole the truck, may still have been on its side of the highway at the time of the accident, and a part from the truck which may have caused the hole might have hit the road as the truck moved forward some distance from the actual point of impact. This was indicated by the trial court when the verdict was set aside at which time the court stated that the hole in the road was "approximately" at the point of impact. In other words, this physical fact relied on is neither admitted to be true nor clearly established for the purpose for which it was used. *Keller v. Norfolk and Western Railway Company, supra; Fischer v. Clark, supra; Marshall v. Conrad, supra.* All of the physical facts, including the hole in the road, are those from which inferences may be drawn. They constitute circumstantial evidence, by which facts may be proved as well as by direct evidence, which clearly places this case in the category of one for jury determination. *Webb v. Harrison, supra; Butler v. Smith's Transfer Corp., supra.*

As stated above, the evidence is conflicting as to whether the accident occurred on the defendants' side of the road or the Clines' and although the physical fact with regard to the hole in the road is undisputed as to its being there and being the result of the accident,

different conclusions or inferences can be drawn therefrom, all of which makes it a case for jury determination. *Prettyman* v. *Hopkins Motor Co.*, 139 W. Va. 711, 81 S. E. 2d 78; *Brace* v. *Salem Cold Storage, Inc.*, 146 W. Va. 180, 118 S. E. 2d 799. It was held in the second point of the syllabus in the *Prettyman* case, which is quoted in the *Brace* case, that: "When the evidence is conflicting, or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them, the question of negligence is for the jury."

Where the trial court improperly sets aside the verdict of the jury, such verdict will be reinstated by this Court and judgment rendered thereon. Code, 58-5-25; *E. T. Browder, Inc.,* v. *County Court of Webster County,* 145 W. Va. 696, 116 S. E. 2d 867; *Brace* v. *Salem Cold Storage, Inc., supra.*

For the reasons enunciated herein, we hold that the Circuit Court of Wyoming County erroneously set aside the verdict of the jury in favor of the defendants based on conflicting direct and circumstantial evidence, the weight of which was clearly within the province of the jury. Therefore, the judgment of the Circuit Court of Wyoming County is reversed, the verdict of the jury reinstated, and judgment for the defendants on the verdict is entered here by this Court.

> *Judgment reversed; verdict for the defendants reinstated; judgment rendered by this Court.*