WEST VIRGINIA DEPARTMENT OF HIGHWAYS, *etc.*

*v.*

COTIGA DEVELOPMENT COMPANY

(No. 14655)

Decided July 15, 1980.

*H. Truman Chafin* for plaintiff-in-error.

*Menis E. Ketchum* for defendant-in-error.

PER CURIAM:

This is an appeal by the West Virginia Department of Highways from an order of the Circuit Court of Mingo County entered in a condemnation proceeding setting aside a jury verdict of $40,000 in favor of the defendant, Cotiga Development Company, and awarding Cotiga a new trial. For the reasons set forth in this opinion, we reverse and reinstate the jury verdict.

The West Virginia Department of Highways brought an action to condemn certain land owned by Cotiga Development Company in Mingo County for the purpose of constructing a portion of the road known as Appalachian Corrodor "G". The Department sought certain rights of way and easements over approximately 116 acres of Cotiga land. Cotiga rejected the initially offered compensation of $13,300 and the case went to trial in the circuit court. Cotiga sought compensation of $1,850,000 while several experts testifying for the Department of Highways estimated the fair market value of the land to be in the range between $21,000 and $27,000. At the conclusion of the trial, the jury returned a $40,000 verdict for Cotiga.

Cotiga subsequently moved to set aside the verdict and judgment thereon and in the alternative to set the verdict and judgment aside and award a new trial. In an order entered January 25, 1979, the circuit judge did set aside the verdict and granted a new trial. It is from this order that the Department of Highways now appeals.

The court's decision to set aside the jury verdict as being "plainly inadequate and wrong" stems from remarks and actions of the Department of Highways' counsel during closing arguments in the case. Several of the remarks were objected to by Cotiga's counsel, but some were not, and the circuit court correctly held that

any prejudice resulting from remarks which were not objected to at the time they were made, was waived.

Two remarks in particular were objected to by the defendant, Cotiga:

> "You could have taken $750 and bought any-thing on Road Branch before the road. You go down on Cotiga land and see what they do in Philadelphia . . . .

> "[B]y this right here they say it all. Have you ever seen anything like that? Who owns West Virginia? Who owns Mingo County?"

While making the latter remark, counsel lifted a pamphlet from counsel table entitled "Who Owns West Virginia?" The pamphlet spoke of absentee land ownership in the State and resulted from a series of newspaper articles in a Huntington, West Virginia newspaper. After the defendant's objection to these remarks and the pamphlet, the court gave a curative instruction to the jury *sua sponte,* which the court later held when it awarded a new trial, were "so highly [prejudical] that the Court's oral instruction for the jury not to consider the same did not counteract the prejudicial effects thereof from the minds of the jury." It was on the basis of the alleged prejudicial remarks of counsel during closing argument that the court set aside the jury verdict because "the jury was influenced by improper motives, that is, the prejudice introduced into the case and the jurors' minds by the improper remarks and behavior of petitioner's counsel . . . ."

Our research indicates that historically, this Court has been reluctant to set aside jury verdicts in civil actions on the basis that counsel for the opposing party made improper remarks to the jury during closing arguments at trial, and that such remarks thereby prejudiced the jury finding. *See, Leftwich v. Wesco Corporation,* 146 W.Va. 196, 119 S.E.2d 401 (1961); *Burk v. Huntington Development and Gas Co.,* 133 W.Va. 817, 58 S.E.2d 574 (1950); *Gilkerson v. Baltimore & Ohio Railroad,* 132 W.Va. 133, 51 S.E.2d 767 (1949); *Roberts v. United Fuel*

*Gas Co.*, 84 W.Va. 368, 99 S.E. 549 (1919); *Landers v. Ohio River Railroad*, 46 W.Va. 492, 33 S.E. 296 (1899). *Cf. Peck v. Bez*, 129 W.Va. 247, 40 S.E.2d 1 (1946), (case was reversed where prevailing counsel was allowed in closing argument to make a personal attack on the character of the other party). This is particularly true where the trial court, as here, gave an admonitory instruction to the jury to disregard the remarks.

Although improper remarks in these cases were condemned by this Court, none of the cases was reversed because of the prejudicial effect upon the jury. In *State ex rel. Harrah v. Walker*, 137 W.Va. 849, 74 S.E.2d 679 (1953) remarks in an opening statement were at issue and in holding that there was not "a manifest probability that the remarks made by counsel for plaintiff in his opening statement were prejudicial . . .", we said:

> "Neither a decision of this court, nor others, can ever be more than a guide in any particular case, because the type of case in which the remarks were made, the circumstances under which they were uttered, the action thereafter by counsel, as well as by the trial court, are determinative of whether prejudicial error resulted." [*Id.* at 852, 74 S.E.2d at 681].

In the case before us the evidence in the record indicates that there was a vast difference in the fair market value attached to the condemned property by the Department of Highways and that value sought by Cotiga. With the highest value testified to by an expert witness for the Department being $27,000 and the jury returning a verdict of $40,000, we cannot conclude that the jury verdict was so inadequate to indicate that the jury was influenced by improper remarks of appellant's counsel, causing it to return an inadequate verdict.

In *State Road Commission v. Bowling*, 152 W.Va. 688, 698, 166 S.E.2d 119, 126 (1969) we held:

> "In condemnation proceedings, courts will rarely set aside jury verdicts on the ground of excessiveness or inadequacy where there is a

> conflict in the testimony concerning the amount of just compensation and the verdict is founded on a reasonable view of the evidence, strengthened by the jury's view of the premises. Where damages are indeterminate in character, a mere difference of opinion between the court and the jury will not justify the action of the court in setting aside the verdict. [citations omitted]."

We are of the opinion that no prejudicial error was committed causing the jury to return an inadequate verdict and that the trial court erred in setting aside the verdict and in awarding the defendant a new trial. "Where the trial court improperly sets aside a verdict of a jury, such verdict will be reinstated by this Court and judgment rendered thereon." Syl. pt. 4, *Bronson v. Riffe*, 148 W.Va. 362, 135 S.E.2d 244 (1964).

For the above reasons, the judgment of the Circuit Court of Mingo County is reversed, and the verdict of the jury is reinstated and judgment on such verdict is rendered in this Court.

> *Reversed; verdict reinstated; judgment rendered by this Court.*

NEELY, Chief Justice,

Chief Justice Neely dissents on the grounds that the setting aside of a jury verdict for prejudicial conduct on the part of the prevailing party is within the sound discretion of the trial court and in this case that discretion was not abused.