294 S.E.2d 252

**WEST VIRGINIA DEPARTMENT OF HIGHWAYS, a Corporation**

v.

**Alvra ADAMS, Jr., et al.**

**No. 15327.**

Supreme Court of Appeals of West Virginia.

July 13, 1982.

Joseph G. Martorella, Huntington, for appellant.

Menis E. Ketchum, Huntington, for appellees.

PER CURIAM:

This is an appeal by the West Virginia Department of Highways from an order of the Circuit Court of Wayne County awarding Alvra Adams, Jr., a landowner, $30,000 in a condemnation proceeding. On appeal the Department argues that the $30,000 award was excessive and was not supported by the evidence. We disagree, and

we affirm the judgment of the circuit court.

The West Virginia Department of Highways instituted this action to condemn a temporary construction easement over a parcel of land which had an area of .04 acre. Commissioners were appointed to ascertain the value of the rights condemned, and after examining the land they reported that the rights were worth $5,000.00. The Department took exception to this figure, and consequently, the question of the value of the rights was tried before a jury. In the course of the trial the jury viewed the area condemned.

During the trial the landowner took the position that the Department of Highways, in using the easement, had caused permanent damage to his property. He said that in making a cut through the area of the temporary easement the Department had destroyed the leach field of his septic tank system, and that because of the nature of the terrain surrounding his house he had been unable to install a new leach field. He argued that because his house was without a sanitary system it was unsaleable, and its value was destroyed.

To support his position, the landowner testified that because of the disturbance of the construction easement his septic system was non-functional and that he had to divert raw sewage into a creek. He called as a witness a County Health Sanitarian who indicated the landowner's application for a permit to construct a new leach field had been denied because there was no suitable terrain for a new leach field. Another witness, called by the landowner, an expert appraiser, testified that a new septic system could not be constructed on the landowner's property to replace the one damaged by the construction of the road and that without such a system the landowner's house was unsaleable. The appraiser did not estimate the value of the easement, but he did state that as a result of the Department's construction activities the landowner's house had been damaged to the extent of $32,000.

The principal witness for the Department of Highways was the project supervisor in charge of the construction project. He testified that two feet of dirt were cut from the surface area of the construction easement and that a pipe on the premises was replaced by Department personnel. He said that he noticed no evidence of a septic tank or leach field in the area, and that he saw no tile or effluence. He also stated that the Health Department had not notified him that the Department of Highways was interfering with the landowner's septic system.

At the conclusion of the trial the jury returned a verdict of $30,000.00 in favor of the landowner. On appeal the Department of Highways claims that this verdict was excessive.

In support of its position the Department first argues that "there is strong evidence to suggest that the septic system, if any existed at all, may never have been affected by the Department of Highways in the construction of this project." It takes the position that because there was evidence suggesting that the septic system was not damaged the jury's verdict should be set aside.

█ The landowner testified that before construction of the road he had a septic system, that it had been inspected by the Health Department. The inspection had been necessary to secure approval of his loan for purchase of the house. He also testified that he saw the Department of Highway's construction crew unearth pipe which was a part of the system, and that after the disturbance of the easement his sanitary system would not work. The landowner's testimony was not directly contradicted by the Department of Highways. The Department's witness instead testified that he did not notice evidence of a septic system and that he saw no tiles as the landowner's land was being bulldozed. We believe that this evidence presented a jury question. The jury resolved that question in favor of the landowner. There was reasonable evidence supporting the jury's conclusion that damage had been done. We do not believe that the testimony of the Department's witness that he saw no indica-

tion of a septic system would justify a reversal of the jury's verdict.

Secondly, the Department argues that even if the jury's conclusion that the septic system was damaged was supported by the evidence, the thirty thousand dollar award amounted to a grossly disproportionate sum for the temporary rights condemned. The Department points out that while the landowner presented the testimony of an expert witness on the value of the septic system as it related to the value of the property as a whole, the landowner presented no evidence on the value of the temporary rights taken.

 It is clear from a reading of the record that while the easement sought was a "temporary" easement, the slope of the landowner's land was permanently affected. All witnesses, including the Department's witness, agree that from two to three feet of dirt were permanently removed from the surface area of the easement. We believe that the evidence demonstrates that the character of the damages was permanent rather than temporary. Also, while the landowner's witness did not testify in terms of a "temporary easement", his appraisal of the damage done was based on the use actually made of the land by the Department of Highways. His testimony indicated that the damage amounted to more than the $30,000.00 found by the jury. Our rule is:

> "In condemnation proceedings, courts will rarely set aside jury verdicts on the ground of excessiveness or inadequacy where there is a conflict in the testimony concerning the amount of just compensation and the verdict is founded on a reasonable view of the evidence, strengthened by the jury's view of the premises. Where damages are indeterminate in character, a mere difference of opinion between the court and the jury will not justify the action of the court in setting aside the verdict." Syl. pt. 1, *West Virginia Department of Highways v. Cotiga Development Company*, 165 W.Va. 388, 268 S.E.2d 62 (1980); *State Road Commission v. Bowling*, 152 W.Va. 688, 698, 166 S.E.2d 119, 126 (1969).

In the case before us there was competent evidence that the Department damaged the landowners septic system and the saleability and value of his house. The landowner's expert placed damages at more than $30,000.00. Before arriving at its verdict the jury viewed the premises. We think that a reasonable view of the evidence and circumstances supports the jury's $30,000.00 award and that Syllabus point 1 of *West Virginia Department of Highways v. Cotiga Development Company, supra,* dictates that the jury's verdict and the subsequent judgment rendered on that verdict be affirmed.

Accordingly, the judgment of the Circuit Court of Wayne County is affirmed.

Affirmed.