# CHARLESTON.

WALTER W. FLEMING, *Exr. of* SARAH E. FLEMING, *Deceased v.* GEORGE A. HARTRICK

(No. 6004)

Submitted January 17, 1928. Decided February 7, 1928.

TRIAL—*Jury Should Not be Apprised of Fact That Defendant Automobile Owner is Protected by Indemnity Insurance; Plaintiff's Action in Apprising Jury That Defendant Automobile Owner Has Indemnity Insurance Ordinarily is Reversible Error, Notwithstanding Instruction Not to Consider.*

The jury should not in any manner be apprised of the fact that the defendant owner in an action for the negligent operation of an automobile is protected by indemnity insurance, and such action on the part of the plaintiff or his counsel will ordinarily constitute reversible error, notwithstanding the court may instruct the jury not to consider the same in arriving at a verdict.

(Liability Insurance, 36 C. J. § 128.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Marion County.

Action by Walter W. Fleming, deceased, against George A. Hartrick. Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*Shaw & Shaw,* for plaintiff in error.
*M. M. Neely* and *Henry S. Lively,* for defendant in error.

LITZ, JUDGE:

This is an action of trespass on the case by Walter W. Fleming, executor of his wife, Sarah E. Fleming, deceased, against George A. Hartrick for the death of the decedent resulting from the alleged negligent operation by the defendant of a Dodge coupe automobile.

The accident occurred March 25, 1924, between the hours of 7 and 8 P. M. along a public highway near the city of Fairmont.

A judgment of $3,500.00 for the plaintiff was reversed on a former writ because the evidence, in the opinion of the court, was not sufficient to support the charge of negligence. *Walter W. Fleming, Executor v. George A. Hartrick,* 101 W. Va. 714. This writ is prosecuted by the defendant to a judgment of $5,750.00 rendered in favor of the plaintiff on the second trial. The points of error mainly relied upon are, first, the improper cross-examination of a witness for defendant, which it is charged was intended for the purpose of disclosing to the jury the fact that the defendant was protected by indemnity insurance, and second, that the evidence was insufficient to support the verdict.

While walking on the track of an interurban traction line (paralleling the public road) a short distance from a car stop where she had alighted from an interurban car, Mrs. Fleming was struck and killed by the automobile of the defendant. The defendant and Morris Silverman, riding as a guest with Hartwick, both of whom testified at each trial, were the only eye witnesses to the tragedy. Their evidence is to the effect that the defendant was shoved or crowded

from the road onto the street car track by another automobile coming from the opposite direction while the defendant was traveling at the rate of 18 to 25 miles an hour. At the second trial John F. Jacobs, introduced for the first time as a witness in the case, testified on behalf of the plaintiff, in substance, that he observed the defendant about 2,100 feet from the point of accident going at the rate of 45 miles an hour; that he followed in his car immediately, overtaking defendant at the point of accident after it had occurred, and continuing his course in the direction of Fairmont was later overtaken and passed by Hartrick going at a high rate of speed; that he met no car between the point where he first observed the defendant and the place of accident. It is apparently conceded that the evidence of this witness, if credible, tends to strengthen the plaintiff's case; but it is vigorously contended by the defendant that the witness, from his own testimony, is unworthy of belief.

Whether we can or can not say, as a matter of law, that the evidence still does not warrant a finding of negligence on the part of the defendant, the judgment, in our opinion, should be reversed on account of improper cross-examination of a witness, the deliberate purpose and result of, which, as charged, were to inform the jury the defendant carried indemnity insurance. In the cross-examination of H. C. Webster, who testified on behalf of the defendant, counsel for the plaintiff by persistent and vigorous interrogation showed that the witness had been in communication with R. R. Beebe of Fairmont concerning the case and also attempted to show by the witness that he expected to be recompensed, on account of his services and expenses, by Mr. Beebe. The court having ruled at the instance of the defendant that the cross-examination along this line had proceeded far enough, counsel for the plaintiff excepted to the ruling and stated that the witness, if permitted or compelled to answer, would say in effect "that he expects a man by the name of Beebe to pay him or to furnish Mr. Shaw (counsel for the defendant), the money with which to pay him for coming to Fairmont to testify." This statement as well as repeated questioning of the witness, before and after, to show Beebe's interest in the case, clearly

establishes a deliberate and premeditated purpose and design on the part of counsel to apprise the jury of the fact that the defendant was protected by indemnity insurance. Beebe had for several years to the knowledge of some of the jurymen represented a liability insurance company issuing policies of indemnity to automobile owners. This Court has held in numerous cases that the jury should not in any manner be apprised of the fact that the defendant owner in an action for the negligent operation of an automobile is protected by indemnity insurance, and such action on the part of the plaintiff or his counsel will ordinarily constitute reversible error, notwithstanding the court may instruct the jury not to consider the same in arriving at a verdict. *Christie* v. *Mitchell*, 93 W. Va. 200, 116 S. E. 715; *Moorefield* v. *Lewis*, 96 W. Va. 112; *Adams* v. *Cline Ice Cream Co.*, 101 W. Va. 35; *Adkins* v. *Bartlett*, Idem. 263; *Wilkins* v. *Schwartz*, Idem. 337. As it was known to the jury that Beebe represented the insurance company, the fact that counsel refrained from inquiring into this matter did not render his statements and cross-examination of the witness any the less offensive.

The judgment will, therefore, be reversed, the verdict set aside, and a new trial awarded.

*Reversed and remanded.*