ANNIE MARSHALL *v.* NORTH BRANCH TRANSFER COMPANY.

*(Nashville,* December Term, 1932.)

Opinion filed April 8, 1933.

TRUE & DORSEY and H. C. TRUE, II, for plaintiff in error.

HARDIN H. CONN and JOHN D. SPROUSE, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This is a suit for damages for personal injuries. Plaintiff was awarded a verdict and judgment for $500 in the circuit court, and that judgment was affirmed by the Court of Appeals. The case is before us on writ of *certiorari,* heretofore granted on the petition of the defendant.

The plaintiff backed her automobile across a state highway, and just after she had straightened it out, so that it was proceeding slowly forward on her right side of the highway, the defendant's public passenger bus, proceeding in the same direction, struck it from the rear, injuring plaintiff. Issues of fact were made by the evidence, whether the bus was being operated at a negligently rapid rate of speed, whether the bus driver was guilty of negligence in failing to drive to the left and thus avoid a collision, and whether the plaintiff was guilty of proximate contributory negligence.

In support of its motion for a new trial, the defendant introduced the affidavits of four members of the trial jury, each of which contained the following: .

"After hearing all the evidence, argument and charge of the Court I was of the opinion that the plaintiff was not entitled to recover, and that the verdict of the jury should be in favor of the defendant, but after some deliberation in the jury room, the jury being unable to agree on the question of liability some of the jurors stated to the jury that the defendant, the bus company,

had liability insurance and that whatever judgment was rendered would be paid by the Insurance Company, and would not cost the defendant anything. This matter of insurance was discussed for some time, and some of the jurors kept insisting that on account of the insurance we should go ahead and render verdict in favor of plaintiff for at least enough to pay her expenses, and we then agreed on our verdict with that understanding. I do not recall the name of the jurors who stated that the defendant had insurance but there were several who made this statement.

"I would not have agreed to the verdict that was rendered but for the fact the question of insurance was mentioned and I understood that the defendant did have such an insurance policy, and I am sure there were several other members of the jury of the same opinion who would not have agreed to a verdict of liability if it had not been for that discussion of the insurance question in the jury room."

The four members of the jury who made these affidavits were not examined orally, on the hearing of the motion for a new trial, nor was any evidence introduced, by affidavit or otherwise, to offset or contradict the statements of fact made in the four affidavits.

We have no discretion therefore but to accept the affidavits as correctly representing the proceedings in the jury room, leading to the rendition of the verdict, and to determine therefrom whether they are sufficient to impeach and destroy the verdict, so as to entitle the defendant to a new trial; this question having been made by proper assignments of error.

A juror will not be permitted to impeach a verdict by his affidavit that he assented to it because of facts or

reasons other than the evidence and law submitted in open court. *Hughes* v. *State,* 126 Tenn., 40, 91-94, 148 S. W., 543; *Lee* v. *State,* 121 Tenn., 521, 553, 116 S. W., 881, and cases therein cited.

We think, however, that when improper conduct on the part of the jury is otherwise shown, the affidavits of jurors that such misconduct influenced or induced them to agree to the verdict, may and should be considered by the court or judge, in determining what effect should be given to the misconduct complained of. Particularly is this true in view of the statutory and procedural rule, that a new trial will not be ordered by an appellate court for any error in procedure unless it shall affirmatively appear that the error complained of has affected the results of the trial. Code, sec. 10654.

The affidavits disclose that the jury had been unable to reach a verdict, "after some deliberation," when some members of the jury said the defendant had liability insurance, and whatever judgment might be rendered would be paid by the insurance company and would cost the defendant nothing. The affidavits continue: "This matter of insurance was discussed for some time, and some of the jurors kept insisting that on account of the insurance we should go ahead and render verdict in favor of plaintiff for at least enough to pay her expenses, and we then agreed on our verdict with that understanding."

In declining to order a new trial because of this conduct of the jury, the Court of Appeals referred to the fact, as within common knowledge, that automobile owners and users are generally protected by liability insurance, and particularly to the fact, of which the jurors as citizens would be presumed to have knowledge, that

operators of public busses are required by law to carry such insurance, for the protection of the public. Code, sec. 5483. The court then held that reversal could not be predicated upon the fact that a juror stated in the presence of his fellow jurors that which each member of the jury was presumed to know.

We would be strongly inclined to follow this ruling of the Court of Appeals if nothing more occurred than a passing or casual reference to the fact or probability that the defendant was protected by liability insurance. In *Manufacturing Company* v. *Woodall,* 115 Tenn., 605, 90 S. W., 623, the judgment was reversed, not merely because the fact of insurance had been brought to the attention of the jury, but because the attorney for the plaintiff had wilfully persisted in an apparent effort to prejudice the jury by that means, after adverse rulings on the point had been made by the trial judge. The reversal was ordered because of a "persistent abuse of well-established and universally recognized rules of correct practice." See *Ingolsby* v. *Burnett,* 163 Tenn., 173, 40 S. W. (2d) 1013.

The case before us involves more than mere comment by the jury on the fact of insurance. At a time when the members of the jury were not agreed as to defendant's liability for plaintiff's injuries, "the matter of insurance was discussed for some time," and some of the jurors urged the assumed fact of insurance upon their dissenting fellow jurors as a reason for the surrender of the conclusion they had gained from the evidence. The language is that some of the jurors "kept insisting that on account of the insurance" a verdict for the plaintiff should be agreed to and rendered.

We think this was positive misconduct on the part

of the jury, calculated to prejudice the rights of the defendant and to defeat the proper performance of the jury's duty to render an impartial verdict on the law and evidence submitted to them in open court. And when it is shown by the uncontradicted statements of four members of the jury that they were thereby induced to assent to a verdict against which they had theretofore held out, we think a case of misconduct, affirmatively shown to have affected the result of the trial, is made to appear. A verdict so influenced and brought about should not be permitted to stand.

During the course of the trial, and in the absence of the jury, the defendant tendered evidence that it was not in fact protected by liability insurance, the company from which it had procured such insurance having been thrown into a receivership because of insolvency. Exclusion of this evidence by the trial judge is assigned as error.

This assignment of error is overruled and the ruling of the trial judge sustained. The question of insurance had no place in the trial of the issues of fact made by the pleadings. The defendant was no more entitled to favor because he had been deprived of his insurance, or had procured none, than he was subject to prejudice if he had been so protected.

For the error indicated the judgments of the Court of Appeals and the circuit court will be reversed, and the case remanded for a new trial. Costs of the appeal of this Court are adjudged against the plaintiff.