Merrimack, }
Feb. 2, 1937. }

JEREMIAH J. CROWLEY *v.* ISAIAH W. MAILMAN.

*Robert W. Upton* and *Laurence I. Duncan* (*Mr. Duncan* orally), for the plaintiff.

*Murchie, Murchie & Blandin* (*Mr. Alexander Murchie* orally), for the defendant.

BRANCH, J. The plaintiff was struck by the defendant's automobile while crossing Main Street in the city of Concord, in January, 1934. The only witnesses to the accident were the parties and Lawrence H. Cyr, a witness called by the plaintiff.

The question whether the plaintiff exercised due care was a vital issue in the case. During the course of his argument to the jury, defendant's counsel made the following statement: "So far as Mr. Mailman saw him, he was walking right straight along. So far as Mr. Cyr was concerned, he was walking right straight along." To this argument the plaintiff objected "as a misstatement of the evidence." Defendant's counsel then expressed his desire to have the argument stand and the plaintiff was allowed an exception.

Subsequently defendant's counsel argued as follows: "So if Mr. Crowley was at all careless in stepping into that line of traffic without

looking, and that is the testimony in this case except from Mr. Crowley himself, that is a careless thing to do." Plaintiff objected to the statement, "that is the testimony in this case except from Mr. Crowley himself." The argument was allowed to stand and the plaintiff excepted.

Both of the above statements to which exceptions were taken are fully sustained by the testimony of Mr. Cyr. Upon direct examination he testified as follows: "Q. What I want you to tell us is where his course would have taken him if he had continued on across the street. ... A. When I last saw Mr. Crowley he was traveling directly across the street, headed toward this corner of the sidewalk." Upon cross-examination he testified as follows: "Q. Did you see Mr. Crowley look to the right or left as the car approached him? A. No, I did not." Plaintiff's exceptions are, therefore, without merit and it is unnecessary to consider the question whether the charge of the court was sufficient to cure any possible error.

Further in the course of his argument, defendant's counsel said: "If Mr. Mailman was not at fault, he [the plaintiff] is not entitled to recover damages. It isn't my money or your money, it is Mr. Mailman's money." To this argument the plaintiff objected and was allowed an exception.

One argument advanced in support of this exception is as follows. By the statement " 'it is Mr. Mailman's money' the impression was intentionally conveyed to the jury that the defendant was not insured." The plaintiff thus seeks to invoke the rule laid down in *Piechuck* v. *Magusiak*, 82 N. H. 429, that evidence is inadmissable to prove that a defendant is uninsured.

There is nothing in the language of defendant's counsel above quoted which justifies the asserted conclusion as to the intention of the speaker or the conclusion that the asserted "impression" was, in fact, conveyed to the jury. Fairly construed the argument made no reference to or suggestion of a lack of insurance. The most that can be said in favor of the plaintiff is that the jury may possibly have deduced from the colorless language of counsel a conclusion that the defendant was not insured.

The decision in *Piechuck* v. *Magusiak, supra,* was based upon the theory that "the evidence may have been used" for an improper purpose although it was "wholly immaterial" to any issue in the case. We are now asked to extend this rule one step further and hold that a verdict should be set aside because the language used may have conveyed a certain "impression" which impression may have

been used for an improper purpose. We are not disposed to give such an extension to the rule of the *Piechuck* case by speculating as to the possible effect of a possible inference. The possibility that language, used in the heat of argument, may have given an "impression" of the existence of an unasserted fact and that this impression may, in turn, have been used for an improper purpose, is too problematical to furnish an acceptable basis for judicial decision.

Another argument in support of this exception is as follows: "It was apparent [from the evidence] that he was not a man of means and the argument of defendant's counsel was intended to emphasize the consequences to him of a verdict for the plaintiff." In other words, it is claimed that this was an appeal to the jury for sympathy upon the ground of defendant's poverty. We do not find anything in the record which justifies this interpretation of the language used by defendant's counsel. It was obviously proper to remind the jury that a verdict should not be found against the defendant unless he was at fault, and it was not improper to remind them that in finding a verdict for the plaintiff they would be spending the money of someone else and that their verdict should, therefore, be controlled strictly by the rules of law governing the rights of the parties.

We find no error in the allowance of the arguments.

*Judgment on the verdict.*

PAGE, J., was absent: the others concurred.