Betty MARTIN, Respondent,

v.

Thomas MANZELLA, d/b/a American Cab
Company, Appellant.

No. 22459.

Kansas City Court of Appeals.

Missouri.

Jan. 7, 1957.

J. K. Owens, Kansas City, for appellant.

Robert I. Adelman, Kansas City, for
respondent.

BROADDUS, Judge.

This is an action for damages for per-
sonal injuries. Plaintiff's petition named
Thomas Manzella, doing business as The
American Cab Company, and Joseph La-
Bille as defendants. The trial resulted in a
verdict and judgment in favor of plaintiff
against defendant Manzella in the sum of
$6,000. The jury found the issues in favor
of the defendant LaBille. Defendant Man-
zella has appealed.

During the month of September, 1953,
plaintiff resided at 3420 East 10th Street in
Kansas City, Missouri, and was employ-
ed as a waitress at Vitale's Restaurant
which was located at 3213 Truman Road in
said city. Her hours of employment were
from 4:30 in the morning until 1:00 o'clock

in the afternoon. About 3:30 on the morning of September 29, 1953, plaintiff telephoned the office of defendant Manzella requesting that a taxicab be sent to her home to take her to work. Soon thereafter the cab arrived and plaintiff got in the back seat. The driver of the cab, a Mrs. Lewis, drove west to Indiana Avenue, and thence south on that street to its intersection with Truman Road. She then drove west on Truman Road to the 3200 block. Truman Road, formerly known as 15th Street, has six lanes for traffic, three on the north side and three on the south side. In the center of the Road are what are called "islands".

Plaintiff testified that the taxicab was being driven in the lane "closest to the island"; that when it reached a point "almost across the street" from the Restaurant it started to make a turn to the left or south and then "we were hit from the rear by an automobile." Plaintiff further testified that the cab driver gave no signal of her intention to make a left turn in the middle of the block. As a result of the collision plaintiff was thrown to the floor of the cab and rendered unconscious. Inasmuch as no contention is made that the verdict is excessive it is unnecessary to detail the nature or extent of plaintiff's injuries.

Plaintiff called to the stand the defendant LaBille. He testified that he was involved in the collision; that he was driving his 1950 Buick automobile west on Truman Road in the 3200 block at about 25 miles per hour; that he was traveling in the inside lane, "the one closest to the safety island"; that he saw the taxicab ahead of him "in the right-hand lane"; that as he approached the cab it "made a sharp left-hand turn immediately in front of me"; that it was a "sudden turn"; that he was approximately 50 feet from the cab when it turned and was unable to prevent the collision from taking place.

The transcript discloses that Mrs. Lewis, the driver of the taxicab, died prior to the trial. Apparently her deposition was not taken.

In his brief defendant Manzella makes two points. The first arises from the following: Before the selection of the jury was commenced plaintiff's counsel was informed that defendant LaBille carried a policy of liability insurance with the Allstate Insurance Company. Later on the voir dire examination plaintiff's counsel inquired if any member of the panel was employed by or had any direct interest in that company. Thereupon defendant Manzella's counsel asked permission of the court "to inform the jury that Manzella does not carry insurance". The request was denied and this, defendant says, was prejudicial error.

Our Supreme Court had before it this exact situation in the case of Clayton v. Wells, 324 Mo. 1176, 26 S.W.2d 969. We quote the following from the opinion in that case, 26 S.W.2d loc. cit. 971:

"Upon the voir dire examination of the prospective jurors, it was admitted, out of hearing of the jurors that defendant Wells carried liability insurance and that his defense was being conducted by the insurance company pursuant to his insurance policy. Plaintiff's counsel was then permitted to question the talesman as to whether they were interested in that insurance company. After they had been thus examined, counsel for the brick company asked leave to state to the jury or to put questions that would bring out the fact that the brick company carried no insurance, which request was denied. That action of the court is urged by appellant brick company as error. The question presented was decided adversely to appellant's contention by the St. Louis Court of Appeals in Malone v. Small, [Mo.App.,] 291 S.W. 163, which decision was cited approvingly by Division 1 of this court in Smith v. Star Cab Co., [323 Mo. 441,] 19 S.W.2d 467, 469, wherein it is said: 'The fact that the Star Cab Company carried no insurance is

of no consequence. Plaintiff cannot be denied the right to qualify the members of the panel for this reason; and, if a defendant without insurance is prejudiced thereby, he is without remedy'—citing Malone v. Small, supra.

"We cannot say from the record before us that appellant brick company was prejudiced by denial of the privilege requested. Plaintiff had the right to qualify the jurors as he did under the circumstances."

In line with the above holding, we rule the point against defendant.

■ Defendant's second point is that the court erred in not granting his motion for a directed verdict at the close of the evidence "for the reason that plaintiff was bound by her personal testimony, and that her personal testimony, which was in conflict with other testimony, did not make a case against this defendant."

There is no merit in this contention. Both plaintiff and LaBille testified that the operator of the taxicab gave no signal of her intention to turn to the left; that it was a "sudden turn"; and, as LaBille stated in another portion of his testimony, it was "a sharp left-hand turn immediately in front of me." Thus the testimony of both supported the theory of recovery relied upon by plaintiff. The only discrepancy between plaintiff's personal testimony and that of LaBille was that plaintiff said that the taxicab was being driven in the lane closest to the center of the street, whereas LaBille said it was being driven "in the right-hand lane; I would say about four or five feet away from the curb." The fact that plaintiff called LaBille as a witness on her behalf did not make all that he testified to conclusive on her. DeLay v. Ward, 364 Mo. 431, 262 S.W.2d 628, 633 (En Banc).

Finding no error in the record prejudicial to defendant, the judgment is affirmed. All concur.