EDWARD GRAHAM

*v.*

LEONARD ORVILLE WRISTON

(No. 12077)

Submitted April 18, 1961.    Decided June 27, 1961.

486

BERRY, JUDGE, dissenting.

*Fletcher W. Mann,* for plaintiff in error.

*Palmer & Elkins, J. Campbell Palmer, III., Joseph Luchini,* for defendant in error.

CALHOUN, JUDGE:

Edward Graham, the plaintiff, instituted an action in trespass on the case in the Circuit Court of Fayette County to recover damages for personal injuries sustained by him on December 7, 1957, while a pedestrian on a public highway in that county as a result of his having been struck by an automobile owned and operated by Orville Wriston, the defendant. The trial of the case resulted in a jury verdict rendered in favor of the defendant on April 20, 1959. From a final judgment embodied in an order entered on May 8, 1959, by which the trial court set aside the verdict and awarded the plaintiff a new trial, the defendant prosecutes this writ of error.

The trial court set aside the verdict and granted a new trial solely because of certain remarks made by counsel for the defendant during his argument to the jury. Such remarks, in the judgment of the trial court, implied that the defendant was not covered by liability insurance, though, as a matter of fact, the defendant was covered by such insurance.

Immediately prior to the commencement of the trial, counsel for the plaintiff requested permission of the

court to amend the declaration to increase the amount for which suit had been instituted. Counsel for the defendant opposed the motion for leave to amend, and in that connection made the following statement:

"Another reason is that counsel is employed by a liability insurance company to defend this action and the amendment, if allowed, would raise the amount sued for above the maximum amount of coverage under the defendant's policy, and that would create potential personal liability upon the defendant himself, * * * ,"

Trooper Roger L. Oates, a member of the Department of Public Safety, assisted in an investigation of the facts surrounding the accident and consequent injuries involved in this case. In connection with his testimony as a witness for the defendant, he identified various photographs of the scene of the accident. On cross-examination counsel for the plaintiff propounded the following questions and the witness gave the following answers:

"Q. And I presume you have the negatives?

"A. Yes, sir.

"Q. And you made either the pictures or the negatives available to the defendant in this case, didn't you?

"A. I made the pictures available to the insurance company.

"Q. My question was, did you make them available to the defendant in this case?

"A. No, sir, I didn't.

Q. Mr. Mann had the pictures; is that correct, sir?

"A. Yes, sir.

In other words, from such testimony it appears that the photographs were made "available to the insurance company", and that Mr. Fletcher W. Mann "had the pictures." Mr. Mann was representing the defendant at the trial, and is the same person who previously had stated to the court in the presence of oppos-

ing counsel that he was employed by the liability insurance company with which the defendant carried a policy of insurance. Because of the testimony of the witness to the effect that the photographs were made "available to the insurance company", counsel for the defendant promptly thereafter, out of the presence and hearing of the jury, moved the court to direct a mistrial. After argument on such motion, the court refused to direct a mistrial, because "the answer was simply not responsive to the question." The court by an oral instruction carefully admonished the jury to disregard the answer of Trooper Oates to the effect that the photographs had been made "available to the insurance company." Such oral instruction and admonition concluded as follows: *"It has no bearing on any issue that is before this jury or may be before the jury,* and in your deliberations and your consideration of the case you will not give that any consideration or weight whatever. You will completely disregard it." (Italics supplied.)

Briefly summarizing, to this point in the case there appeared two facts which may have a pertinency in this connection. One was counsel's statement that he had been retained by the liability insurer to represent the insured, the defendant in the case. The other was the fact that the court had pointedly ruled and had meticulously instructed the jury that the question of insurance had no proper place in the case and was not proper for the jury's consideration. In this background counsel made the remarks which induced the trial court to set aside the verdict and award a new trial.

At one point in his argument addressed to the jury, counsel for the defendant stated: "Is that the kind of evidence that a jury will be willing to go to its room and say, 'Yes, sir, Mr. Wriston, you have to pay damages?'" At another point in the argument he stated: "* * * but if a man in that condition and a citizen of that type in the community can be compelled to pay damages to a man in the position of Ed-

ward Graham on this occasion, then there's something wrong.'' The portion of the argument to which primary objection is urged, and the specific portion which induced the trial court to set aside the verdict and award a new trial was as follows: ''This is a matter of quite a great deal of importance to Orville Wriston. As I said the other day to some of you, when you go to your jury room you are in the position of having a blank check with his name signed to it and you can fill it in for any amount you want to and he will have to pay it. This is the measure of your responsibility in this case, and I know you realize it. I know I do. And I particularly know that Orville Wriston keenly realizes it.''

The remarks quoted immediately above were made near the conclusion of the argument. Promptly thereafter, out of the presence and hearing of the jury, counsel for the plaintiff moved the court to direct the jury to disregard such remarks of counsel. Such motion was sustained, and thereafter the court orally instructed and admonished the jury as follows: ''Ladies and Gentlemen of the Jury, the Court sustains a motion made by the plaintiff's attorneys and as a result of that will instruct you that you are not to give any consideration whatever to the part of the argument of Mr. Mann wherein he stated that the jury had a blank check when they went into the jury room with Orville Wriston's name signed to it. That actually has no bearing on this case and you must not consider it or give it any weight. * * * I will add to the instruction that I have just given this jury this one further statement. With regard to what the Court just told you, you are not to draw any inferences of any kind from that. I am simply telling you that you may not consider his argument in that regard.'' In support of the plaintiff's motion to set aside the verdict and award a new trial, it is urged that such remarks constituted reversible error.

This Court has frequently held that it is improper to apprise the jury of the fact that the defendant car-

ries liability insurance. "The jury should not in any manner be apprised of the fact that the defendant is protected by indemnity insurance, and such action on the part of plaintiff or his counsel will ordinarily constitute reversible error, notwithstanding the court may instruct the jury not to consider the same in arriving at a verdict." *Wilkins v. Schwartz,* 101 W. Va. 337, pt. 1 syl., 132 S. E. 887; *Flanagan v. Mott,* 145 W. Va. 220, pt. 6 syl., 114 S. E. 331; *Leftwich v. Wesco Corporation,* 146 W. Va. 196, pt. 9 syl., 119 S. E. 2d 401. As a part of an annotation on the subject, the following statement appears in 4 A.L.R. 2d at pages 821-22: "Although some of the earlier cases appear to have taken a rather narrow view regarding the curing of error in this regard by instructions to disregard the evidence, remarks, questions or suggestions of insurance, the general rule now appears to be that in the absence of anything indicating the verdict returned was adversely affected, or anything to indicate persistent and studied attempts to bring the objectionable matter before the jury, prompt action in striking improper references to the defendant's insurance from the record, coupled with instructions admonishing the jury to disregard such matters, sufficiently protects the defendant's rights without requiring reversal of the judgment." See also Appleman, Insurance Law and Practice, Vol. 21, Section 12834, page 512.

Evidence which informs the jury that the defendant is insured against liability is improper and inadmissible not only for the reason that it is ordinarily irrelevant to any proper issue in the case, but also because of a tendency it may have to influence the jury to return a verdict against the defendant on insufficient evidence, and to return a verdict greater in amount than would be returned if the jury believed the defendant himself would have to pay it. *Lynch v. Alderton,* 124 W. Va. 446, 452, 20 S. E. 2d 657, 660; Anno. 4 A.L.R. 2d Section 2, page 765. Conversely, the jury should not be apprised in any way that the

defendant is not insured against liability, not only because such fact is immaterial to any proper issue in the case, but also because of the tendency such fact may have to cause the jury out of sympathy for the defendant to relieve him improperly from liability, or to return in favor of the plaintiff a verdict which is inadequate in amount. The following pertinent statement appears in Appleman, Insurance Law and Practice, Vol. 21, Section 12838, pages 522-23: "As has previously been seen, the courts are not prone to permit a defendant to show that he does not carry insurance even where interrogation concerning insurance has been made upon voir dire. It has similarly been held that, in the introduction of evidence, a defendant may not bring to the attention of the jury the fact that he is uninsured and must pay personally any judgment rendered, even though the jury may have inferred from other evidence or questions that such defendant was insured. And the injection of such noncoverage may require the declaration of a mistrial. * * * Conversely, it has also been held that an argument by defense counsel for the purpose of informing the jury that the defendant has no insurance but will have to pay personally damages awarded is improper." In the second point of the syllabus of the case of *Lynch v. Alderton,* 124 W. Va. 446, 20 S. E. 2d 657, this Court stated: "In the trial of an action for damages for personal injury, wrongful death, or for property loss, alleged to be the result of negligence of a defendant, the fact that such defendant *does or does not* carry insurance protecting him against loss growing out of the operation of any vehicle or other instrumentality, from the use of which the damage alleged resulted, is immaterial, and is not a proper subject of inquiry, either by the court or by counsel, at any stage of the trial." (Italics supplied.)

From the standpoint of pertinent issues involved in the trial of a case of this nature, and from the standpoint of a fair trial for the litigants before an impartial jury, free from extraneous and immaterial

considerations, the jury should decide the case without reference to whether the defendant is or is not covered by liability insurance. The fact that the defendant is or is not insured, therefore, should not be brought to the attention of the jury in any manner, unless perhaps in some unusual circumstances wherein some basis of relevancy may appear. This appears to be the general rule throughout the country where the question has been discussed by appellate courts.

In the case of *Piechuck v. Magusaik,* 82 N. H. 429, 135 A. 534, the defendant was permitted to testify that he had no liability insurance. In holding that this constituted reversible error, the court stated: "The correct procedure is to exclude all reference to insurance at these trials. The fact of insurance may incidentally and unavoidably appear. But even this should not be permitted on slight grounds or for specious reasons. The whole subject is foreign to the issue to be tried, and its introduction, even incidentally, should be avoided whenever it is practicable to do so." To the same effect see *Derrick v. Rock,* (Ark.) 236 S. W. 2d 726; *Wilbur v. Tourangeau,* 116 Vt. 199, 71 A. 2d 565; *Marshall v. North Branch Transfer Co.,* 166 Tenn. 96, 59 S. W. 2d 520; *Garmon v. Cassell,* 78 Ga. App. 730, 52 S. E. 2d 631; *Avent v. Tucker,* 188 Miss. 207, 194 So. 596; *Davis v. Underdahl,* 140 Or. 242, 13 P. 2d 362; *Fine v. Parella,* 92 N. H. 81, 25 A. 2d 121; *Martin v. Manzella,* (Kan.) 298 S. W. 2d 453; *Gilmer v. Griffin,* (Tex.) 265 S. W. 2d 252; *Socony Vacuum Oil Co. v. Marvin,* 313 Mich. 528, 21 N. W. 2d 841; *Bloxom v. McCoy,* 178 Va. 343, 17 S. E. 2d 401. Likewise it is held to be improper for counsel to state in the hearing of the jury that the defendant is not insured against liability or to make remarks implying such fact. *Bacon v. Wass,* 200 Okla. 581, 198 P. 2d 423; *Georgeson v. Nielsen,* 218 Wisc. 180, 260 N. W. 461; *Wallace v. Whitzel,* (Kan.) 324 S. W. 2d 157; *Brown v. Murphy Transfer & Storage Co.,* 190 Minn. 81, 251 N. W. 5; *Crowley v. Mailman,* 88 N. H. 388, 190 A. 273. The error thus created by a remark made

by counsel for the defendant may, under some circumstances, be regarded as error so prejudicial in nature as not to be cured by the court's instruction to the jury to disregard it. *King v. Starr,* (Wash.) 260 P. 2d 351.

The situation here presented is different from those in which the *fact* of the defendant's noncoverage is brought to the attention of the jury, either by testimony or by remarks of counsel. In the present case, to the extent that the remarks of counsel implied that the defendant was not insured, such, to the full knowledge of counsel, was contrary to fact, contrary to the truth of the situation. We have been able to find only a limited number of cases dealing with that precise situation. In the case of *Scharine v. Huebsch,* 203 Wisc. 261, 234 N. W. 358, counsel for the defendant in his argument to the jury, contrary to the fact, implied that his client was not covered by liability insurance. The court held that such remarks constituted reversible error, and that the charge of prejudice therefrom "is more grievous than the usual complaint of like nature." In the case of *Olson v. Prayfrock,* 254 Minn. 42, 94 N. W. 2d 540, the court disapproved the action of counsel in implying, contrary to fact, in his argument to the jury that the defendant was uninsured, but, because of the peculiar circumstances of the case, the error was held not to be so prejudicial as to require reversal. In the case of *Haid v. Loderstedt,* 45 N. J. Super. 547, 133 A. 2d 655, counsel had been retained by the defendant's liability insurer to represent him at the trial. In his argument to the jury counsel nevertheless made remarks implying that his client would have to pay personally any verdict rendered against him. An objection to such remarks was sustained but a mistrial was not requested. In holding that such remarks were of such prejudicial nature as to require reversal, the court stated:

> "It seems to us that the prejudice suffered ordinarily by a plaintiff through the improper revelation of absence of insurance coverage by the defendant

is likely to be even greater than when the disclosure of such protection of the defendant is injected by the plaintiff. Certainly it cannot be said to be less hurtful. But more than this, the act of conveying the information to the jury by a defendant is more deserving of condemnation when the actor knows that the implied fact is untrue. And so the inclination of a court to find prejudicial error in such a situation is more readily stimulated.

"It is true that the plaintiffs did not ask for a mistrial when the objection to counsel's remark was sustained. Nor did the trial judge instruct the jury to disregard the statement. However, we think the transgression of the ordinary rules of fair play was so flagrant that on the basis of plain error another day in court should be given to the probable victims of their adversary's disingenuousness."

In an effort to bring this difficult question into proper focus and to appraise counsel's statement in the light of the preceding review of pertinent legal principles, the statement made to the jury is repeated: "This is a matter of quite a great deal of importance to Orville Wriston. As I said the other day to some of you, when you go to your jury room you are in the position of having a blank check with his name signed to it and you can fill it in for any amount you want to and he will have to pay it. That is the measure of your responsibility in this case, and I know you realize it. I know I do. And I particularly know that Orville Wriston keenly realizes it." That statement could have had no conceivable relevancy to any proper issue in the case. It carried a clear and unmistakable implication that Orville Wriston would be required personally to pay any verdict rendered against him. It is difficult to conceive of any other purpose of such remarks. Just as the defendant is entitled to have excluded from the jury the fact that he *is covered* by insurance, so is the plaintiff entitled to have kept from the jury any statement or clear implication that the defendant *is not* protected by liability insurance. This should apply with peculiar force in this case in which, in the face of a prior ruling by the court that insurance "has no bearing on any issue that is before

this jury or may be before the jury," such clear implication was made, contrary to truth and fact, by counsel for the litigant who would be expected to be benefited thereby. Too frequently we encounter efforts on the part of counsel to convey to the jury, either directly or indirectly, by one means or another, the fact or the implication that the defendant is or is not protected by liability insurance. Such efforts have encountered the stern condemnation and disapproval of bench and bar. It is better that a mistrial be directed or that a new trial be awarded than that such conduct be condoned or that the ideal of an impartial jury be endangered or jeopardized.

It is true that some cases have held that the impropriety of injecting the fact of the defendant's insurance coverage may not be cause for reversal, if the court can determine that no prejudice resulted therefrom. *Moorefield v. Lewis,* 96 W. Va. 112, 123 S. E. 564; *State ex rel. Harrah v. Walker,* 137 W. Va. 849, pt. 1 syl., 74 S. E. 2d 679; *Butcher v. Stull,* 140 W. Va. 31, 82 S. E. 2d 278; *Adkins v. Smith,* 142 W. Va. 772, 98 S. E. 2d 712. In the instant case, it can not be said that counsel's remarks were provoked by words or conduct of opposing counsel. Nor, the verdict having been for the defendant, can we determine from the record that the plaintiff was not prejudiced thereby.

"A motion for a new trial is always addressed to the sound discretion of the trial court, and it requires a stronger case, in an appellate court, to reverse an order granting, than one refusing a new trial * * *." *Varney & Evans v. Hutchinson Lumber & Manufacturing Co.,* 64 W. Va. 417, pt. 6 syl., 63 S. E. 203. See also *Miller v. Insurance Co.,* 12 W. Va. 117, pt. 6 syl.; *Reynolds v. Tompkins,* 23 W. Va. 229, pt. 5 syl.; *Martin v. Thayer,* 37 W. Va. 38, pt. 1 syl., 16 S. E. 489; *Grogan v. C. & O. Ry. Co.,* 39 W. Va. 415, 19 S. E. 563; *Coalmer v. Barrett,* 61 W. Va. 237, pt. 6 syl., 56 S. E. 385; *Willson v. Ice,* 78 W. Va. 672, pt. 2 syl., 90 S. E. 272; *The Star Piano Co. v. Brockmeyer,* 78 W. Va. 780, pt. 1 syl., 90 S. E. 338; *Pittsburgh-Wheeling*

*Coal Co. v. Wheeling Public Service Co.*, 106 W. Va. 206, pt. 2 syl., 145 S. E. 272; *Rucker v. Fire Assn. of Philadelphia*, 120 W. Va. 63, 71, 196 S. E. 494, 498; *Rollins v. Daraban*, 145 W. Va. 178, pt. 6 syl., 113 S. E. 2d 369. The action of a trial court in setting aside a verdict and awarding a new trial will not be disturbed by this Court "unless clearly wrong." *McClaugherty v. Tri-City Traction Co.*, 123 W. Va. 112, pt. 1 syl., 14 S. E. 2d 432; *Williams v. Zimmerman*, 124 W. Va. 458, pt. 1 syl., 20 S. E. 2d 785. The trial judge was in better situation than is this Court to determine whether the remarks of counsel now in question were of such nature and made in such a manner and under such circumstances as to result in prejudice to the plaintiff. The trial judge is properly clothed with an area of discretion in such matters, and we can not say he was clearly wrong in the exercise thereof.

By way of cross assignment of error, the plaintiff asserts that the court erred in granting defendant's instruction number seven, which is as follows: "The Court instructs the jury that if you should believe from the evidence that both plaintiff and defendant were guilty of neligence which combined and contributed to cause the accident and injuries testified about, then the plaintiff can not recover damages, and it is your duty to return a verdict in favor of the defendant, Orville Wriston." When the instruction was offered, the only objection urged in behalf of the plaintiff was that the instruction was "violative of *Walker v. Robertson* at page 574." The reference was to the case of *Walker v. Robertson*, 141 W. Va. 563, 91 S. E. 2d 468. We observe at the outset that the instruction omits the element of proximate cause in reference both to the primary negligence of the defendant and contributory negligence of the plaintiff. It is fundamental that negligence of a defendant will not warrant recovery unless it was the proximate cause, or concurred with negligence of one or more persons other than the plaintiff in creating the prox-

imate cause of the injuries involved in the action. It is fundamental also that negligence on the part of a plaintiff will not be regarded as sufficient to preclude recovery of damages by him unless such negligence contributed proximately to cause the damage of which he complains. Perhaps in this instance the element of proximate cause is implied in the language, "that both plaintiff and defendant were guilty of negligence which combined and contributed to cause the accident * * *." We do not, however, approve of leaving the element of proximate cause to intendment. It is a matter so fundamental in such cases that it should be stated clearly and expressly. Rule VI, Rules of Practice for Trial Courts provides that only "specific grounds of objection" to instructions will be considered. While this case was tried prior to the effective date of West Virginia Rules of Civil Procedure for Trial Courts of Record, we note that Rule 51 provides: "No party may assign as error the giving or the refusal to give an instruction unless he objects thereto before the arguments to the jury are begun, stating distinctly as to any given instruction, the matter to which he objects and the grounds of his objection." There having been no specific objection in this respect, the omission of the element of proximate cause from the instruction will not be considered. *Thurston v. Keathley,* 143 W. Va. 795, 105 S. E. 2d 181.

Turning now to the case of *Walker v. Robertson,* 141 W. Va. 563, at page 574, 91 S. E. 2d 468, at page 475, in order to discern the basis of plaintiff's objection to defendant's instruction number seven, we find that the instruction involved in that case was as follows: "The Court instructs you that contributory negligence is the doing of a negligent act by a plaintiff which proximately contributes to causing the damages of which she complains. Therefore, you are instructed that if you find from the evidence that the plaintiff was guilty of committing any act of negligence, however slight, which proximately contributed to causing the injuries of which she complains, then you are not

permitted to weigh the degree or amount of negligence of each of the parties, but you *must* return a verdict for the defendant." (Italics supplied). The trial court struck out the word "must" appearing in the concluding language of the instruction, substituted the word "may" in the place thereof, and granted the instruction as thus amended. The defendant urged in this Court that it was error to refuse to grant the instruction in its original form and language, and the question thereby raised was presented to this Court for decision. In the opinion the Court stated: "The trial court amended the instruction by striking out the word 'must' and substituting the word 'may'. Otherwise, defendant's instruction number 2 was not amended. Defendant's instruction number 2 was a binding instruction as offered. The substitution of the word 'may' for the word 'must' made it a permissive instruction. Such instruction as offered should have stated the negligent acts or conduct allegedly committed by the plaintiff as constituting contributory negligence. It did not do so, and as offered, was properly refused. *Bragg v. C. I. Whitten Transfer Co.,* 125 W. Va. 722, 727, *et seq.,* 26 S. E. 2d 217; *Lawson v. Dye,* 106 W. Va. 494, 498, 145 S. E. 817, 63 A.L.R. 271. See *Burdette v. Henson,* 96 W. Va. 31, 36, 122 S. E. 356, 37 A.L.R. 489; *Woodell v. West Virginia Imp. Co.,* 38 W. Va. 23, 49, 17 S. E. 386. There was no error in the amendment of defendant's instruction number 2." The fourth point of the syllabus in that case is as follows: "When contributory negligence is relied on as a defense, a binding instruction which imperatively directs the jury to find for the defendant should not be given if the instruction does not specifically state the acts or conduct of plaintiff constituting contributory negligence. It is not error for a trial court to amend such defective, binding instruction so as to make it permissive instead of imperative." We gather, therefore, that the basis of the plaintiff's objection to the defendant's instruction number seven in this case is that it was a "binding instruction", and did not state "the negligent acts or

conduct allegedly committed by the plaintiff as constituting contributory negligence."

On the basis of the language quoted above from the opinion and from the fourth point of the syllabus, two judges dissented. This feature of the case of *Walker v. Robertson, supra,* is ably discussed in a student article appearing in 59 W. Va. Law Rev. 278. In general terms, the article is critical of the majority opinion and expresses approval of the dissenting opinion. Portions of the article are quoted:

> "There is some feeling among West Virginia attorneys that this case is a step in the direction of discarding the doctrine of contributory negligence in favor of a doctrine of comparative negligence. On its face, it does not appear to go that far. It is, however, a definite departure from the rule, well established in this state, that contributory negligence on the part of a plaintiff is an absolute bar to recovery.
>
> \* \* \*
>
>                 \*         \*         \*
>
> "The instruction as offered and also as given effectively negatived the idea of comparative negligence in that it told the jury that they were not permitted to weigh the degree or amount of negligence of the parties. If anything, the instruction as given goes a step beyond comparative negligence in that it permitted the jury to ignore completely the defense of contributory negligence. The direct effect of changing it from a binding to permissive instruction was to allow the jury to find for the plaintiff notwithstanding a finding of contributory negligence on the part of the plaintiff. This is certainly contrary to the mass of cases in this state holding that contributory negligence is a bar to recovery. Either the instruction incorrectly states the law or the court has, without directly deciding, changed the law of contributory negligence in West Virginia.
>
>                 \*         \*         \*
>
> "The court in the principal case held that a binding instruction based on contributory negligence must specifically state the acts or conduct of the plaintiff constituting contributory negligence. In this, it appears that the court has made new law."

In the early case of *Washington v. The B. & O. R. R. Co.*, 17 W. Va. 190, in the fourth point of the syllabus, the Court held: "It is a general if not a universal rule, that, if the plaintiff has been guilty of contributory negligence, he cannot recover." This rule does not apply where the injury of which plaintiff complains was caused by the willful or wanton conduct of the defendant. *Stone v. Rudolph*, 127 W. Va. 335, pt. 6 syl., 32 S. E. 2d 742. Nor does it apply in a situation in which the last clear chance doctrine is properly applicable to the defendant's conduct. *Butcher v. W. Va. & P. R. R'd Co.*, 37 W. Va. 180, pt. 3 syl., 16 S. E. 457; *Smith v. Gould*, 110 W. Va. 579, 159 S. E. 53, 92 A.L.R. 28; *Meyn v. Dulaney-Miller Motor Co.*, 118 W. Va. 545, pt. 4 syl., 191 S. E. 558; *Barr v. Curry*, 137 W. Va. 364, 71 S. E. 2d 313. "When a plaintiff is negligent and his negligence concurs and cooperates with that of the defendant, as a proximate cause of the injury complained of, he cannot recover." *Keller v. N. & W. Ry. Co.*, 109 W. Va. 522, pt. 2 syl., 156 S. E. 50; *Casto v. Charleston Transit Co.*, 120 W. Va. 676, pt. 2 syl., 200 S. E. 841; *McMicken v. Province*, 141 W. Va. 273, pt. 1 syl., 90 S. E. 2d 348. See also *Barr v. Curry*, 137 W. Va. 364, 71 S. E. 2d 313; *Pritchard v. City Lines of W. Va., Inc.*, 136 W. Va. 278, syl., 66 S. E. 2d 276; *Lester v. Norfolk & W. Ry. Co.*, 111 W. Va. 605, pt. 2 syl., 163 S. E. 434; *Gray v. N. & W. Ry. Co.*, 99 W. Va. 575, pt. 1 syl., 130 S. E. 139; *Overby v. Chesapeake & O. Ry. Co.*, 37 W. Va. 524, pt. 2 syl., 16 S. E. 813. "In the trial of a death accident case where the facts present no basis for the application of the last clear chance doctrine, there is no error in instructing the jury that there can be no recovery if negligence of the decedent, however slight, contributed proximately to his own injury. Such negligence contributes proximately to the injury, if, without it, the injury would not have resulted." *Morton v. Baber*, 118 W. Va. 457, pt. 3 syl., 190 S. E. 767. See also *Crum v. Ward et al.*, decided at this term, 146 W. Va. 421, 122 S. E. 2d 18; *Willhide v. Biggs,*

118 W. Va. 160, pt. 1 syl., 188 S. E. 876; 65 C.J.S., Negligence, Section 129, page 742.

If a plaintiff's negligence contributes proximately to cause the injuries of which he complains, such negligence precludes recovery, placing an imperative duty on the jury to find for the defendant. The contributory negligence of the plaintiff may become so manifest as to become a question of law for the court, placing a duty on the court to render judgment for the defendant. *Brake v. Cerra*, 145 W. Va. 76, 112 S. E. 2d 466; *Wolfe v. Beatty Motor Express, Inc.*, 143 W. Va. 238, pt. 1 syl., 101 S. E. 2d 81; *McMicken v. Province*, 141 W. Va. 273, 90 S. E. 2d 348; *Divita v. Atlantic Trucking Co.*, 129 W. Va. 267, 40 S. E. 2d 324; *Casto v. Charleston Transit Co.*, 120 W. Va. 676, 200 S. E. 841; *Robinson v. Chesapeake & Ohio Ry. Co.*, 90 W. Va. 411, 110 S. E. 870. In brief, subject to the exceptions noted above, and subject to the doctrine of comparative negligence where such doctrine is recognized, contributory neligence is "a complete defense, the effect of which is to relieve defendant of all liability for the injury, and not merely a partial defense." 65 C.J.S., Negligence, Section 130, pages 746-749. This Court has continued consistently to adhere to that fundamental principle since the case of *Walker v. Robertson, supra. Brake v. Cerra*, 145 W. Va. 76, 112 S. E. 2d 466; *Workman v. Wynne*, 142 W. Va. 135, 94 S. E. 2d 665.

The instruction in the instant case told the jury that if the plaintiff was guilty of contributory negligence, he could "not recover damages", and that it was the "duty" of the jury to return a verdict in favor of the defendant. We perceive no error in the instruction as offered because, if the plaintiff was guilty of negligence which proximately contributed to cause his injuries, it was the imperative, unqualified duty of the jury to return a verdict for the defendant. If any of the language employed in the case of *Walker v. Robertson, supra,* indicates otherwise, such was obviously inadvertent and unintentional.

The majority opinion in the case of *Walker v. Robertson, supra,* states that a binding instruction such as the one therein involved must state ''the negligent acts or conduct allegedly committed by the plaintiff as constituting contributory negligence.'' The Court held that the instruction was faulty in this respect, notwithstanding the fact that it contained the following language: ''Therefore, you are instructed that if you find from the evidence that the plaintiff was guilty of committing any act of negligence, however slight, which proximately contributed to causing the injuries of which she complains, * * *.'' We do not believe that the cases cited in the opinion, nor any other prior decisions of this Court, are authority for such proposition. The earliest case cited was *Woodell v. West Virginia Improvement Co.,* 38 W. Va. 23, 17 S. E. 386. The third point of the syllabus of that case is as follows: ''When the Court instructs the jury, that, if they believe from the evidence certain hypothetical facts mentioned in the instructions, they must find for the party plaintiff or defendant, as the case may be, but omits from such statement of facts a material fact, which being believed from the evidence would require a different verdict, such instruction is erroneous and, if excepted to and not cured, is ground for reversal.'' The second point of the syllabus of the case of *Lawson v. Dye,* 106 W. Va. 494, 145 S. E. 817, is as follows: ''An instruction which tells the jury they should find for plaintiff if they believe certain enumerated facts is defective if there is wholly omitted from such enumeration a fact which the evidence strongly tends to prove, which, if true, would require a different verdict.'' The same principle was approved and applied in the case of *Bragg v. C. I. Whitten Transfer Co.,* 125 W. Va. 722, 727, 26 S. E. 2d 217, 220.

The legal principles quoted immediately above are fundamental and have been recognized consistently by this Court. *Davis v. Fire Creek Fuel Co.,* 144 W. Va. 537, 109 S. E. 2d 144. But the instruction involved in

the instant case, and that involved in *Walker v. Robertson, supra,* did not undertake to state or detail the facts upon which a finding for the defendant would be justified. Therefore, such instructions do not fall within the rule pertaining to an incomplete statement of facts, or an incomplete factual hypothesis.

Closely related is another equally well-settled principle embodied in the syllabus of the case of *Nichols v. Raleigh-Wyoming Mining Co.,* 113 W. Va. 631, 169 S. E. 451, as follows: "Ordinarily, when contributory negligence of the plaintiff is relied on as a defense, it is prejudicial error to give for the plaintiff an instruction which directs the jury to find for the plaintiff if certain recited facts are believed by the jury from the evidence, but which instruction does not specifically negative contributory negligence on the part of the plaintiff. The error involved in the giving of such erroneous instruction is not corrected by the giving to the jury of other instructions covering contributory negligence." *Underwood v. Goff,* 131 W. Va. 662, syl., 49 S. E. 2d 860; *Skaff v. Dodd,* 130 W. Va. 540, pt. 5 syl., 44 S. E. 2d 621; *Vaughan v. Oates,* 128 W. Va. 554, 37 S. E. 2d 479; *Bragg v. C. I .Whitten Transfer Co.,* 125 W. Va. 722, syl., 26 S. E. 2d 217. The simple requirement of these decisions in this respect is that the instruction shall "specifically negative contributory negligence on the part of the plaintiff." As we have previously observed herein, the language which would authorize or direct the jury to find for the defendant on the basis of contributory negligence should be clear and specific, and such should not be left to mere intendment, uncertainty or speculation.

For instance, in *Bragg v. Whitten Transfer Co.,* 125 W. Va. 722, 728, 26 S. E. 2d 217, 221, it was held that contributory negligence was not specifically negatived by use of the language "if you believe the plaintiff himself without negligence." In *Skaff v. Dodd,* 130 W. Va. 540, 548, 44 S. E. 2d 621, 625, it was held that the following expressions were insufficient: "in at-

tempting to cross Virginia Street was exercising ordinary care for his own safety"; "while exercising ordinary care as aforesaid"; "was exercising ordinary care in attempting to cross Virginia Street at the point of injury immediately after leaving said bus"; and "was exercising ordinary care for his own safety at the time of injury". In the case of *Payne v. The Virginian Railway,* 131 W. Va. 767, 775, 51 S. E. 2d 514, 518, it was held that the words "without fault on his part" were insufficient in plaintiff's binding instruction to negative contributory negligence. In *Willhide v. Biggs,* 118 W. Va. 160, 164, 188 S. E. 876, 878, it was held that the language "any negligence that helped" to bring about the injuries complained of was not sufficiently clear and explicit. But on the contrary, in the more recent case of *Davis v. Pugh,* 133 W. Va. 569, 579-80, 57 S. E. 2d 9, 15, it was held that an instruction for the plaintiff sufficiently negatived contributory negligence if it stated that the verdict should be for the plaintiff "unless the jury further believed from the evidence that the plaintiff was guilty of negligence which proximately contributed to the injury." In that connection the Court held: "The instruction did not ignore the defense of contributory negligence, but specifically negatived any negligence of the plaintiff which proximately contributed to the injury, and in that respect it was not subject to the defect which vitiated instructions relating to this question in the cases of *Bragg v. C. I. Whitten Transfer Company,* 125 W. Va. 722, 26 S. E. 2d 217, and *Skaff v. Dodd,* 130 W. Va. 540, 44 S. E. 2d 621." In the recent case of *McMicken v. Province,* 141 W. Va. 273, 284-85, 90 S. E. 2d 348, 354, in line with *Payne v. The Virginia Railway, supra; Bragg v. Whitten Transfer Co., supra;* and *Skaff v. Dodd, supra,* it was held that in a binding instruction offered in behalf of the plaintiff, the words "if you believe * * * the plaintiff was driving her own automobile on her own side of the road in a lawful manner" were not sufficient to negative contributory negligence. In the first point of the syllabus of that case, however, the Court quoted the fol-

lowing language, which also constitutes the second point of the syllabus of *Casto v. Charleston Transit Co.*, 120 W. Va. 676, 200 S. E. 841: "When a plaintiff is negligent and his negligence concurs and cooperates with that of the defendant, as a proximate cause of the injury complained of, he cannot recover." The language quoted is, in substance, embodied in the instruction in controversy in this case, except for the omission of the element of proximate cause, which we have referred to earlier herein.

We believe, however, that the sufficiency of the instruction now in question is not to be tested by the general principles involved in negativing contributory negligence. Such principles normally arise in relation to instructions offered in behalf of a plaintiff. Rather, we believe, the sufficiency of the instruction in this case must be tested on the basis of the rule that a binding instruction, directing a verdict for a party, if the jury believe certain facts therein enumerated are established by the evidence, must not omit any fact or facts essential to such a finding, because a binding instruction of that nature must be complete in itself and can not be supplemented to that extent by other instructions given. *Woodell v. West Virginia Improvement Co.*, 38 W. Va. 23, pt. 3 syl., 17 S. E. 386; *Lawson v. Dye,* 106 W. Va. 494, pt. 2 syl., 145 S. E. 817; *Lawrence v. Nelson*, 145 W. Va. 134, pt. 7 syl., 113 S. E. 2d 241; 88 C.J.S. Trial, Section 351, page 927 *et seq.* As we have stated earlier herein, the instruction here involved did not undertake to enumerate facts upon the basis of which the jury should find for one party or the other, and, therefore, it can not be said that the instruction omitted facts essential to such a verdict, within the purview of the rule referred to immediately above.

For the reasons stated, we hold that the court did not err in granting defendant's instruction number seven. To the extent that the fourth point of the syllabus in the case of *Walker v. Robertson,* 141 W. Va.

563, 91 S. E. 2d 468, is at variance with the principles herein stated, it is disapproved.

The plaintiff also urges that the court erred in overruling a motion made in behalf of the plaintiff to exclude the testimony of Cletus Toney and W. P. Campbell, witnesses for the defendant. The accident occurred on a "hill" or incline which the defendant's automobile was descending when the accident occurred. The plaintiff and one of his witnesses testified that at the time he was struck by the defendant's automobile, he was going up the hill or incline, and that at the time he was struck he was not on the paved portion of the highway, but rather he was walking on the berm. Cletus Toney testified that he, as a passenger in the automobile owned and operated by W. P. Campbell, passed the scene of the accident on the evening and near the time of its occurence; that he observed a pedestrian on the paved portion of the highway, walking down the hill; that he "later learned" that the pedestrian was Edward Graham; that he had never seen Edward Graham theretofore, but that Graham was pointed out to the witness by Orville Wriston on the Monday following the Saturday evening on which the accident occurred; that immediately after having passed the pedestrian, the witness and W. P. Campbell met and passed an automobile which the witness "later learned" was the defendant's automobile; and that he did not know until Monday morning that there had been an accident. The testimony of W. P. Campbell was substantially to the same effect as that of Cletus Toney. He testified that he was previously acquainted with Edward Graham; that while he did not recognize him at the time, he recognized him as a "colored man" and he "later learned" it was the plaintiff; and that he did not learn of the accident until the next day (Sunday). No objection was made to the testimony of Toney at the time it was being given, but during the direct examination of W. P. Campbell, he was asked if he then knew or later learned that the automobile he met and passed

was Orville Wriston's automobile. An objection was made to what "he later learned". The objection was sustained. This indicates that the trial court ruled that it was improper for the witness to testify concerning what he "later learned" in this respect, but there was no specific motion made to exclude or to direct the jury to disregard testimony of this nature given by either Toney or Campbell. At the conclusion of the defendant's case in chief, counsel for the plaintiff made the following motion: "The plaintiff moves the Court to instruct the jury to exclude *completely* the testimony of Cletus Toney and W. P. Campbell, on the ground that there is no connection between their testimony and this accident." (Italics supplied.) The motion was properly overruled. The testimony, in detailing time, place and the factual situation, presented proper circumstantial evidence and its weight was for the jury.

The plaintiff by way of cross assignment urges also that the court erred in certain of its rulings upon the granting and the refusal of instructions. We have previously discussed the action of the court in granting defendant's instruction number 7. We perceive no error in the giving of defendant's instruction number 8. Plaintiff's instructions numbered 2 and 5, respectively, which were refused, were properly covered by other instructions given at the instance of the plaintiff. It is not error to refuse to give an instruction, though it states a correct, applicable principle of law, if the subject matter of the instruction is adequately covered by another instruction or other instructions given and read to the jury. *The Chesapeake & Ohio Ry. Co. v. Johnson,* 137 W. Va. 19, 69 S. E. 2d 393; *United Fuel Gas Co. v. Allen,* 137 W. Va. 897, 75 S.E. 2d 88; *Burcham v. City of Mullens,* 139 W. Va. 399, 83 S. E. 2d 505; *Keffer v. Logan Coca-Cola Bottling Works,* 141 W. Va. 839, 93 S. E. 2d 225. "Duplication of instructions is neither necessary nor desirable." *State v. Cirullo,* 142 W. Va. 56, pt. 5 syl., 93 S. E. 2d 526; *Davis v. Sargent,* 138 W. Va. 861, pt. 5 syl., 78 S. E. 2d 217.

For the reasons stated herein, the judgment of the Circuit Court of Fayette County is affirmed.

*Affirmed.*

BERRY, JUDGE, dissenting:

I respectfully dissent from the decision of the majority in this case, because I am of the opinion that even if the remarks of counsel for the defendant to the jury in the closing argument were improper, the verdict of the jury in favor of the defendant should not be set aside.

The reason for this position is based on the fact that the attorney for the plaintiff objected to such remarks, the trial court sustained the objection, after which the attorney for the plaintiff moved the court to instruct the jury to disregard such remarks, which was promptly done by the trial court. The attorney for the plaintiff has obtained all the relief he asked for in connection with this alleged error. Notwithstanding this fact, after the jury returned the verdict in favor of the defendant, he then moved the court to set aside the verdict because of this same alleged error.

Other errors were assiged by the plaintiff to set aside the verdict, but apparently were found to be without merit by the trial court. However, the trial court set the verdict aside solely on the ground of improper remarks of counsel to the jury. Upon appeal to this Court, the trial court, by the majority opinion, has been affirmed in its action of setting aside the verdict solely on the ground of improper remarks made by counsel in the closing argument to the jury. In other words, the plaintiff has been given the full relief requested for the same alleged error on two different occasions by the courts.

Under the rules of appellate procedure, only errors properly preserved by objections or motions contained in the record will be considered by this Court. In this case, if the remarks of defendant's counsel to the jury were error, such error was corrected by sustain-

ing the objection and granting the motion, to instruct the jury not to consider such remarks, made by the attorney for the plaintiff during the trial of the case. Therefore, with respect to the ruling of the trial court during the trial of this case, there is no error present for this Court to correct, except the action of the trial court in setting aside the verdict and granting a new trial.

Not only was the objection and motion made by the attorney for the plaintiff sustained and granted, affording all the relief asked for at the time the remarks were made, but it is usually held in connection with such matters that a new trial will not be granted in cases where improper questions are asked by counsel or improper remarks made by counsel during the trial, and opposing counsel did not then ask for a mistrial at a convenient time during the trial of the case. *McCullough v. Clark,* 88 W. Va. 22, 106 S. E. 61; *Moorefield v. Lewis,* 96 W. Va. 112, 123 S. E. 564; *Johnson v. Majestic Steam Laundry,* 114 W. Va. 352, 171 S. E. 902; *Black v. Peerless Elite Laundry Co.,* 113 W. Va. 828, 169 S. E. 447.

In the recent case of *Leftwich v. Wesco Corporation,* 146 W. Va. 196, 119 S. E. 2d 410, it was contended that because an objection was not made promptly by the attorney for the defendant, although a motion for a mistrial was made by the attorney, the matter was not preserved for appellate review. It was held in that case that a motion for a mistrial was the proper method in order to obtain proper disposition of such matter.

It is true that this Court stated in the *Leftwich* case that an anlysis of the cases which have been reversed by this Court where insurance was mentioned, indicates the procedural method of raising such matter was relatively unimportant, so long as it was brought to the attention of the trial court, because of the prejudicial nature of such matter. *Wilkins v. Schwartz,* 101 W. Va. 337, 132 S. E. 887; *Atkins v. Bartlett,* 101 W. Va.

263, 132 S. E. 885; *Fleming v. Hartrick,* 105 W. Va. 135, 141 S. E. 628.

In the instant case insurance was not mentioned by the attorney for the defendant in his argument to the jury. He merely stated, in effect, that if the jury found a verdict for the defendant he would have to pay it, and this was done after the jury had been apprized of insurance by a witness in answer to a question by plaintiff's attorney. A proper motion for a mistrial was made by the attorney for the defendant and over-ruled by the trial court.

Under the decided cases, if the jury had returned a verdict for the plaintiff, the defendant, having fol-lowed the proper procedure, could have had the ver-dict set aside, but the defendant, nothwithstanding the mention of insurance, prevailed, and this Court would affirm the action of the trial court in setting aside the verdict. If the action of one counsel provokes the remarks of the other, the verdict will not ordinarily be set aside. *Leftwich v. Wesco Corporation, supra.*

In considering this matter, the trial court and this Court have taken the position that the remarks made to the jury by counsel for the defendant, that if the jury returned a verdict against the defendant he would have to pay it, were tantamount to telling the jury that the defendant did not have insurance, although they had already in effect been apprized that he did carry insurance. After arriving at this conclusion, the majority of this Court hold that such remarks are the same as apprizing the jury on the part of the plaintiff that the defendant carried insurance. I do not agree with this position, because I do not think the remarks of defendant's counsel were prejudicial to the plain-tiff; but I believe that a proper verdict was returned, considering all the evidence in the case, and that the plaintiff has received a fair trial. See *Moorefield v. Lewis, supra.*

I am also of the opinion that in order to avoid con-fusion a uniform rule should be adopted in this State

to cover all such remarks, including remarks with regard to insurance, and that such rule should require a motion for a mistrial to be made by the party desiring the relief before a verdict of the jury will be set aside and a new trial granted in such cases. There is ample authority for such course to be followed. *Johnson v. Majestic Steam Laundry, supra; Black v. Peerless Elite Laundry Co., supra; Allen v. Garibaldi,* 187 N. C. 798, 123 S. E. 66.

In the case of *Johnson v. Majestic Steam Laundry, supra,* it was held that where an improper question was asked, objection interposed and sustained by the trial court, the verdict would not be set aside unless a motion for a mistrial was made and overruled. The North Carolina case of *Allen v. Garibaldi, supra,* was cited by this Court in the case of *Johnson v. Majestic Steam Laundry, supra,* as authority for the ruling on this matter. In the *Garibaldi* case an objection made to a question with regard to insurance was sustained by the court, but no motion for a mistrial was made because of the alleged improper question and the appelate court refused to reverse the case and grant a new trial because proper motion for a mistrial was not made in the trial court.

For the reasons stated in this dissent, I would reverse the ruling of the trial court in setting aside the verdict of the jury in favor of the defendant, reinstate the verdict and render judgment for the defendant.